BONNIE A. BLOOM, Plaintiff and Appellant, *v.* LYLE W.
BLOOM, Defendant and Respondent.

No. 11343.

Submitted January 11, 1968. Decided January 31, 1968.

437 P.2d 1.

512

Kenneth R. Wilson, Colgrove & Brown, Roland Colgrove (argued), Miles City, John M. Kline (argued), Glasgow, for plaintiff and appellant.

Lucas & Jardine, James Lucas (argued), Miles City, for defendant and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by the plaintiff, hereinafter referred to as the appellant, from a judgment entered upon findings of fact and conclusions of law in a divorce action. The findings of fact and conclusions of law which are contested concern the division of the property between the litigants. The award of the divorce to the appellant is not contested.

Respondent, in his cross-complaint and amended cross-complaint, alleged that certain property, including real property, cattle, and machinery had been earned through the joint efforts of the parties. He asked for an equitable division of this property. The trial court, sitting without a jury, found that the property had in fact been earned as a result of the joint efforts of the spouses, and awarded the respondent an undivided one-

half interest in the property in question. It is this ruling which is appealed.

The appellant and respondent were married on January 6, 1948. On December 1, 1948, they purchased a ranch which consisted of 1,837 acres of deeded land and 550 acres of leased land. The ranch, which was located near Miles City, Montana, was purchased in the name of both parties.

The purchase price of the ranch was $11,000. Appellant provided $3,000 of the purchase price. The remaining portion of the purchase price was borrowed by the Blooms. They borrowed $3,500 from the Federal Land Bank; $2,500 from the Federal Housing Authority; $2,500 from the Wall Bank in South Dakota (on the signature of two of appellant's brothers); and $1,000 from Mary O'Connell, a sister of the appellant.

Up until the commencement of this action, appellant lived and worked in Miles City. At times she would come to the ranch on weekends and help with the chores. Respondent, except for a short period when the ranch was leased, worked it. During the winter he lived in town and drove to the farm. During the summer he and the children lived on the farm. Respondent, in addition, held various odd jobs.

The litigants also acquired some cattle and some machinery, which was held jointly. These cattle were branded Bar L7.

Though the appellant disputes this, the record is clear that the loans, except that from the Federal Land Bank, were paid off with money earned by both parties.

During the course of the marriage, appellant became apprehensive that respondent's drinking and gambling would cause him to lose the ranch. In order to satisfy his wife by putting the ranch beyond the reach of anyone to whom he might become liable, and in order to make it easier for him to get into a veteran's hospital (where a virtual oath of poverty was required) respondent on September 19, 1956, deeded his interest in the ranch to his wife.

Appellant alleged that as part of this transaction she was to transfer to the respondent her interest in the cattle branded Bar L7. This was never done.

Respondent continued to live on the ranch and to work it, and to pay the expenses out of the earnings of the ranch.

Appellant did acquire some cattle branded AV, which she held in her own name. Allegedly respondent was to care for these cattle as part of the rent of the ranch. Appellant also purchased a tractor and a stacker for the ranch with money which she inherited.

The conveyance of the real property to the appellant resulted in no change for the purposes of filing income tax reports, where the property was listed as jointly held.

Also the loan to the Federal Land Bank was refinanced, and the property was there listed as jointly held. Proceeds of this mortgage were used to pay off the first loan, and, in addition, to buy some additional cattle branded AV. This mortgage was paid off with proceeds from the ranch, which the respondent continued to work.

Appellant presents two arguments for the consideration of this court, first, that the trial court had no power to make the decree concerning the property which it did, and, second, that even if the court did have the power, it should not have made the decree it did because the above transaction resulted in the appellant having the legal and equitable title to the land in question.

Appellant's specifications of issue to this court deal with each group of property, the jointly held land and cattle, the cattle branded AV, and the machinery, separately. Because the rules of law, which are applicable, are applicable to each of these specifications, we will consider them as a whole, except where individual attention is required.

We find the contention that the trial court did not have the power to make the settlement which it did to be without merit.

Appellant contends that it is the rule in Montana that a court trying a divorce action has no power to award title to specific property or decide the ownership of the same. See Rufenach v. Rufenach, 120 Mont. 351, 185 P.2d 293; Emery v. Emery, 122 Mont. 201, 200 P.2d 251; Shaw v. Shaw, 122 Mont. 593, 208 P.2d 514.

However, the rule in Montana upon this subject is that which was stated by this court in the case of Tolson v. Tolson, 145 Mont. 87, 399 P.2d 754. In that case we stated:

"In our view by reason of the adoption of the Montana Rules of Civil Procedure these specifications present no problems. Rule 18(a), M.R.Civ.P., provides:

" '(a)—JOINDER OF CLAIMS: The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternative claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of cross-claims or third party claims if the requirements of Rules 13 and 14 respectively are satisfied.'

"By this Rule the claims for divorce and property division could be joined. Our Rule is identical with the Federal Rule. * * *

"Therefore, the court did not err in granting the divorce and dividing and adjusting the litigant's rights in property accumulated by the joint efforts of the parties. The property acquired jointly during the marriage may be divided regardless of whether the title thereto is in either or both of the parties. 27B C.J.S. Divorce § 295(5), p. 304, et seq."

The above rule is clearly applicable to the case at hand, and resolves the question in favor of the power of the trial court to make the decrees which it did.

Appellant next contends that even under the above

rule the court should not have divided the property as it did, because the property in question was not acquired through the joint effort of the parties. The evidence in the record is sufficient to support the finding that though most of the initial purchase price of the ranch and the cattle branded Bar L7 was provided by the wife or her relatives, these loans were repaid out of the ranch earnings, and the respondent was the one who worked the ranch. Some of the cattle branded AV were purchased with a loan which was also repaid with proceeds from the ranch. The equipment in question, though admittedly paid for with appellant's money, was used to work the ranch and pay off other loans and as such consists of part of the wife's contribution to the mutually earned property.

The appellant's last contention is that though the real property may have been acquired through the joint efforts of the parties, the transfer of the title from the husband to the wife created a valid, legal and equitable title in the appellant. She argues that the transaction was either a gift or a deed with consideration. The facts do not support either of these contentions.

That the transfer was not one in the nature of a sale, or a transfer for consideration is obvious. Not only was the title to the cattle branded Bar L7, the supposed consideration, never put in the name of the respondent, but the great disparity between the value of the things traded indicates that no trade or sale was intended. If the transaction had been a sale or a trade, surely respondent would not have exchanged his share of property worth $31,000 for a share of property worth $1,200.

The contention that the transaction was a gift is also without merit. Appellant is correct in stating that there is a presumption that there is a gift in any deed from a husband to a wife. Baird v. Baird, 125 Mont. 122, 232 P.2d 348; Lewis v. Lewis, 109 Mont. 42, 49, 94 P.2d 211; Dial v. Dial, 131 Mont. 310, 310 P.2d 610.

■ However, as this court said in the Baird case:

"While the presumption that the transaction was a gift may be rebutted by competent evidence, yet to overcome such presumption the evidence must be clear, convincing, and practically free from doubt [Citing cases.], and such presumption is not overcome as a matter of law merely by the positive testimony of an interested witness to the contrary. [Citing cases.]"

■ Though much of the testimony in this case as to whether there was a gift comes from an interested party, the respondent, there is sufficient other evidence for the trial court to find that the presumption of a gift had been overcome. The fact that the property was reported as jointly held for income tax purposes and for purposes of refinancing the loan with which the property was bought would also seem to indicate that no gift was made.

■ The effect of the trial court's decree was to impose upon the property held by the appellant in her own name, the ranch and the cattle branded AV, a resulting trust for the benefit of the respondent. This court, in the case of Lewis v. Bowman, 113 Mont. 68, 78, 121 P.2d 162, stated: "Where the legal title rests in one person, in order to establish a resulting trust for the benefit of another against the presumption in favor of the legal title, the evidence must be clear and convincing, especially when an attempt is made to establish a resulting trust after the lapse of many years, or where parol evidence alone is relief upon."

■ The trial court found that the conveyance in question was given as a family endeavor to preserve the property for the mutual benefit and welfare of the parties. We hold that the evidence upon this matter is clear and convincing and supports the findings of fact and conclusions of law of the trial court.

In view of the fact that the lower court had the power to do as it did, and that its findings are supported by the law and

the facts, the lower court committed no error and its decision is affirmed in all respects.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and JOHN CONWAY HARRISON concur.