No. 12106

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

GAY ANN COOK,

Plaintiff and Respondent,

-vs-

THOMAS NORRIS COOK,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Moulton, Bellingham, Longo and Mather, Billings,
Montana.
Ward Swanser argued, Billings, Montana.

For Respondent:

Kurth, Jones, Davidson, Calton and Bradley,
Billings, Montana.
John R. Davidson argued, Billings, Montana.

---

Submitted: February 16, 1972

Decided: MAR 2 8 1972

Filed: MAR 2 8 1972

Thomas J. Kearney
Clerk

The Honorable Jack D. Shanstrom, District Judge, sitting in place of Mr. Justice Wesley Castles, delivered the Opinion of the Court.

This is an appeal from a decree of divorce and property settlement granted in favor of the plaintiff wife against the defendant husband. From the property settlement provisions of the decree, the husband appeals. No issue is taken to the granting of the divorce.

The material facts are not in serious dispute. The parties were married for ten years prior to their separation in January, 1971. At that time, they were 31 and 36 years old respectively. No children were born of the marriage.

Both parties were steadily employed throughout most of the marriage. At the time of the divorce the husband was earning approximately $15,000 per year as an automotive painter. The wife last earned $450 per month as a secretary until she resigned from gainful employment about one year before the divorce. At the time of the trial both parties were mentally and physically capable of providing for their own support. The wife's education consisted of high school plus one year of college. The husband's was limited to high school only.

Over the years, the wife contributed from $80 to $160 per month from her earnings toward the food and housing needs of the parties. The husband generally paid the remaining living expenses not covered by the wife's contributions and saved the rest of his income.

On the date of the trial, the parties individually or jointly owned the assets hereinafter listed, all of which were

acquired during the marriage. The husband correctly argues that approximately 69% of these assets were accumulated through his and not his wife's finances. The properties in dispute on this appeal are as follows:

JOINT PROPERTY

| | |
|---|---|
| Investor's Diversified Certificate | $ 1,335.58 |
| Equity in Family Home | 5,799.16 |

HUSBAND'S INDIVIDUAL PROPERTY

| | |
|---|---|
| Checking account (maintained jointly with his aunt) | $19,500.00 |
| 1966 automobile | 1,475.00 |
| 1968 automobile | 2,075.00 |

WIFE'S INDIVIDUAL PROPERTY

| | |
|---|---|
| None | --- |
| TOTAL | $30,184.74 |

The judgment of the trial court made no provision for continuing alimony in favor of the wife, but it did in lieu thereof establish a form of property settlement on the following terms. It set aside the 1968 automobile to the wife and ordered the husband to pay her the additional cash sum of $13,317.37. All remaining property was decreed to the husband. The wife's cash settlement figure was arrived at by deducting the value of her automobile from the total assets acquired during the marriage and dividing the remainder by two. In effect, the wife was given the cash value of one-half of the assets acquired during the marriage, including those owned individually by the husband as

- 3 -

well as by the parties jointly. The husband was awarded the rest of the property in kind.

The only issue argued on appeal is whether the district court had the authority to award the wife a cash sum equal to one-half of the property owned individually by the husband. We affirm the judgment of the trial court. In doing so, and contrary to the husband's contention, we do not impose a community property standard in Montana.

The authority of the trial court to deal in matters of property settlement (as distinguished from alimony and child support) in divorce actions was most recently affirmed in Libra v. Libra, 157 Mont. 252, 484 P.2d 748, 28 St. Rep. 460 (1971). In exercising its authority, we there said of the trial court:

> "(a) divorce court is a court of equity and once equity takes jurisdiction, it will grant complete relief; also, that property acquired jointly during the marriage may be divided by the court whether the title thereto is in either or both of the parties. * * *
>
> " * * * In these later cases the Court approved the allocation of the properties between the parties on an equitable basis according to their contribution even though this required that title be divested from one and transferred to the other."

Libra followed close on the heels of Hodgson v. Hodgson, 156 Mont. 469, 482 P.2d 140, 28 St. Rep. 195 (1971) wherein the wife was awarded by way of property settlement 71% of the marital assets, although her financial contributions through inheritance were only 59%. We affirmed under the circumstances of that case that the district court did not abuse its discretion, even though

- 4 -

its order in effect transferred title to real property from the husband to the wife.

Libra and Hodgson should have laid to rest the husband's argument on appeal here. It has already been at least twice decided in this State that the trial court may make an equitable division of the litigants' property in a divorce action regardless of the state of title to that property and regardless of actual financial contribution. We are asked by the husband, however, to retreat from these cases for the stated reason that there is no statutory authority for the property division powers therein granted the trial court. Appellant cites the various provisions contained in Title 36, R.C.M. 1947, setting forth the correlative financial rights and obligations of husband and wife during their marriage. The statutes relied upon compose what is commonly called the Married Women's Act.

The application of these statutes to married couples is undeniable, but there is no intimation that they are at all controlling upon dissolution of the marriage by divorce. In the latter event, the trial court becomes charged with the duty of granting "complete relief", including property division, according to the equities of each individual case. Johnson v. Johnson, 137 Mont. 11, 349 P.2d 310. The district judge's broad powers in this regard are expressed in section 21-139, R.C.M. 1947, wherein he is empowered to make "suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively * * *." (Emphasis added.)

- 5 -

Appellant also refers us to four Montana decisions (all predating Johnson, Hodgson and Libra) for early authority that the district court in a divorce action does not have the discretion to make property division of marital assets in lieu of or in addition to alimony. He cites: Rufenach v. Rufenach, 120 Mont. 351, 185 P.2d 293; Lewis v. Lewis, 109 Mont. 42, 94 P.2d 211; Emery v. Emery, 122 Mont. 201, 200 P.2d 251; and Lewis v. Bowman et al., 113 Mont. 68, 121 P.2d 162.

We do not necessarily agree that the cases last cited stand for the restrictive guidelines on the power of the district court asserted by appellant, but to erase all doubt, we hereby expressly overrule these cases insofar as they are inconsistent herewith.

The trial judge's resolution of property division is fettered only by the range of reason and his judgment will not be disturbed in the absence of an abuse of discretion. Bickford v. Bickford, 117 Mont. 372, 158 P.2d 796. No such abuse of discretion is shown under the facts presented here. All property considered for division by the trial judge was accumulated during the marriage. True, the husband had scrupulously kept title to this property primarily in his own name. He generally managed the business affairs of the couple, and he found it simple to manipulate title to his benefit. This does not prevent the court from dealing the wife her fair share. Here the court chose to transfer all title to the husband, both individual and joint, requiring a cash settlement equal to one-half its value to the wife. There is authority in Montana for property division in

those proportions.  In <u>Johnson</u> we stated:

> "And, equal division under normal conditions
> of property accumulated through joint efforts
> is not regarded as unreasonable."

The district court apparently considered more in this case than mere financial contributions.  The law has never confined "joint efforts" to such a narrow meaning.  The marital partnership is more than a business relation.  The pecuniary and proprietary fruits of the marriage are frequently acquired by joint effort, even though actual financial outlay may be more the contribution of one spouse than the other.

This holding does not make Montana a community property state.  There is no required percentage of allocation to be applied in all cases.  Each case must be looked at by the trial court individually with an eye to its unique circumstances.  Under the circumstances here, we are not compelled to state that equal division of the property is an inequitable result.

The judgment is affirmed.

_Jack D. Shanstrom_
_____
Hon. Jack Shanstrom, district
judge, sitting in place of Mr.
Justice Wesley Castles.

We concur:

_James T. Harrison_
_____
Chief Justice

_Gen. B. Daly_
_____

_Frank I. Haswell_
_____

_John Conway Harrison_
_____
Associate Justices

- 7 -