No. 12162

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

EVA MAE FINLAYSON,

Plaintiff and Appellant,

-vs-

DUNCAN FINLAYSON,

Defendant and Respondent.

Appeal from: District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Goldman, McChesney and Datsopoulos, Missoula, Montana.
H. L. McChesney argued, Missoula, Montana.

For Respondents:

Kenneth R. Wilson argued, Miles City, Montana.

Submitted: June 12, 1972

Decided: AUG 1 1 1972

Filed: AUG 1 1 1972

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from a final judgment entered on June 30, 1971, in a divorce action tried to the court without a jury in the district court of the sixteenth judicial district, county of Custer. In the district court, both parties were granted a divorce with real and personal property divided equally. Neither party has appealed the granting of the divorce, however, Eva Mae Finlayson, plaintiff, appeals from that portion of the judgment which divided the property equally. She contends that certain specified property, including the family residence, certificates of deposit, and a 1968 Pontiac automobile, are her sole and separate property.

Eva and Duncan Finlayson were married on October 26, 1956. Duncan initially contributed approximately $5,693.84 to the marriage; Eva contributed a residence located in Miles City, Montana, obtained from a prior marriage and valued at approximately $15,000 to $18,000 with an unpaid mortgage of $5,289.05. During the marriage Eva worked regularly as a waitress and Duncan worked regularly as a janitor. Both parties contributed their earnings to a joint checking account. In 1959, the home in Miles City was placed in joint tenancy by Eva to avoid probate and although she recorded the instrument, Duncan was not aware of the joint tenancy until 1969.

During the course of the marriage Eva regularly purchased certificates of deposit with tips she received as a waitress. She also invested approximately $1,000 she received from her mother's estate in certificates of deposit. Both Eva and Duncan were shown as joint owners of the certificates of deposit until May 1970, the time of the filing of this action, when Eva consolidated the certificates into one certificate in her name and her sister's name, Leta L. Vick.

The 1968 Pontiac automobile was obtained by Eva in her name by using an automobile also in her name as a down payment. The payments on the Pontiac and the trade-in automobile were made from the joint checking account with the final payment of $1,300 on the Pontiac being made from the joint savings account. Since Duncan did not drive and had never owned an automobile, he consented that the automobile be in Eva's separate name and did not consider the automobile as one-half his until commencement of the divorce action.

Although other property was listed in the trial court's findings which divided the property, Eva has not questioned that division.

There are two divergent philosophies of ownership urged by the parties. Appellant, Eva, who was given considerable latitude by Duncan in directing marital financial matters, asserts that her ownership is based on the specific contributions which she made to the acquisition of the individual classes of property. Respondent, Duncan, argues that the property acquired during the marriage, although held in various states of ownership by the parties, was the result of the total contribution of both parties.

Recent decisions of this Court support the basic proposition that the district court may allocate property acquired during a marriage on an equitable basis according to contributions, and /unless a review of all the evidence on appeal reveals that there has been an inequitable distribution to a substantial degree, the decision of the district court will not be disturbed. Bloom v. Bloom, 150 Mont. 511, 515, 437 P.2d 1; Hodgson v. Hodgson, 156 Mont. 469, 482 P.2d 140; Libra v. Libra, 157 Mont. 252, 484 P.2d 748.

In _Bloom_ the Court said:

> "'Therefore, the court did not err in granting the divorce and dividing and adjusting the litigants' rights in property accumulated by the joint efforts of the parties. The property ac-quired jointly during the marriage may be divided

> regardless of whether the title thereto is in
> either or both of the parties. 27B C.J.S. Di-
> vorce, § 295(5), p. 304, et.seq.'" (Emphasis
> added).

When viewing the entire record of contributions to this marriage by both parties, we find the properties were paid for or acquired out of jointly accumulated funds and represent a commingling of joint resources. Other than the earnings of the parties and the rents from the upstairs apartment in the house in Miles City, the only financial contribution to the marriage came from an inheritance in the approximate sum of $4,000 from Eva's mother. Some of the inheritance was used by Eva during the course of probate of her mother's estate to purchase from her two sisters their interest in the deceased mother's home in Billings. Duncan makes no claim against this home which, by an undisclosed arrangement, is held in the name of Eva's friend, L. G. Pence.

Apart from the foregoing, joint funds were used to pay off the mortgage on the house in Miles City and to add improvements, including the addition of a garage in the fall of 1957 at a cost of $2,595.78. It appears that Eva and Duncan paid their living and miscellaneous expenses from their salaries and Eva purchased the certificates of deposit from tips. The certificates were held in the joint names of Eva and Duncan until she transferred them into a consolidated certificate of deposit in the joint names of Eva and her sister, prior to filing for divorce.

In examining the joint income tax returns of the parties for the years 1959 to 1969, it appears that Duncan contributed approximately $1,000 per year more salary to the joint effort than did Eva. Over the period of years involved, this would equal the amount from tips that Eva placed in certificates of deposit which totaled $12,088.68.

- 4 -

When we consider this marriage of fifteen years duration, the economic gains demonstrated are the result of as equal a contribution by the parties as could be achieved in any marriage.

Bound by the rule above recited, this Court finds no evidence of inequity in the distribution, much less to a substantial degree.

Judgment of the trial court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices

- 5 -