No. 12196

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

WALTER FRANCKE,

Plaintiff and Appellant,

-vs-

SANDRA JEAN FRANCKE,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Sandall, Moses and Cavan, Billings, Montana.
Charles F. Moses and K. D. Tolliver argued, Billings,
Montana.

For Respondent:

Longan and Holmstrom, Billings, Montana.
Robert W. Holmstrom argued, Billings, Montana.

---

Submitted: October 27, 1972

Decided: JAN 3 1973

Filed: JAN 3 1973

Thomas J. Kearney
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the property settlement award in a divorce judgment entered September 20, 1971, in favor of each party against the other in the district court of Stillwater County, following trial to the court sitting without a jury. The action was commenced by plaintiff Dr. Walter Francke and defendant Mrs. Sandra Jean Francke counterclaimed for divorce.

The Franckes have three children, a son now 11 years old, a son now 10 years old, and a daughter now 9 years old. The decree, with the wife's consent, granted custody of the oldest child to the husband and custody of the two younger children to the wife. The wife was granted a monthly alimony award of $1,000 until death or remarriage, and $150 per month support for each of the two children in her custody. Provision was made for the husband to pay all medical and dental expenses of all three children. In addition, the husband was ordered to designate the wife irrevocable beneficiary of $50,000 in life insurance to protect the alimony. Each party admits to this Court that the alimony award has been terminated by remarriage.

The property settlement ordered by the court directed the wife to set over to the husband her interest in the jointly held property and directed the husband to pay the wife the cash sum of $60,000; $30,000 to be due in 1971 and $10,000 each year for three successive years. The decree further ordered the husband to set over his interest in some household furniture and his interest in an automobile used by the wife. It appears that the bulk of the husband's estate was acquired after the marriage, through his financial contribution and was held almost entirely in sole ownership by him. Motion for a new trial was made on the basis that the judgment governing the property settlement was not supported by the evidence. The motion was denied and this appeal was taken.

Plaintiff presents but one issue on appeal, whether the evidence justifies the award to defendant wife of $60,000 in lieu of property, when the court also awarded the wife alimony. The judgment of divorce, support, alimony, custody and other property awards are not challenged on appeal.

From the record, it appears that Dr. Francke began his medical practice in Billings in 1955. In 1959, he married Mrs. Francke at Charleston, West Virginia. At that time he had established a successful practice. At the time of the marriage Dr. Francke was approximately 40 years old; Mrs. Francke was 22 years old. The evidence is in conflict on matters of financial worth, however, the trial court found in its finding of fact No. 8 that plaintiff averaged in excess of $81,000 per year taxable income during the past four years; that during the course of the marriage plaintiff acquired property valued in excess of $250,000; that the parties lived in a luxurious home, traveled, and did all things compatible with their financial position.

The court found that defendant, three years prior to her marriage, received the Miss Congeniality award at the Miss America Pageant in 1956, resulting in appearances on national television as an actress; that she had partially completed her studies in clothing design and was employed by a national company in a public relations capacity, receiving a very substantial income; that as a result of the marriage she has not engaged in these occupations and now is unable to resume her career.

The court further found that of the property accumulated by plaintiff during the course of the marriage only two parcels of land were in joint tenancy and the balance in plaintiff's name alone; that during the course of the marriage defendant aided plaintiff in furthering his professional career by participation in social activities, medical auxiliaries and in preparation of medical exhibits for radiological conventions.

> "The district court apparently considered more in this case than mere financial contributions. The law has never confined 'joint efforts' to such a narrow meaning. The marital partnership is more than a business relation. The pecuniary and proprietary fruits of the marriage are frequently acquired by joint effort, even though actual financial outlay may be more the contribution of one spouse than the other.

> "This holding does not make Montana a community property state. There is no required percentage of allocation to be applied in all cases. Each case must be looked at by the trial court individually with an eye to its unique circumstances. Under the circumstances here, we are not compelled to state that equal division of the property is an inequitable result." (Emphasis supplied).

Plaintiff's contentions are not valid in light of the pronouncements in Cook. Each case must be viewed individually and each is as different as are the persons and their lives that are involved. Mrs. Hunnewell's situation as a ranch wife would not be the same as Mrs. Francke's as the wife of a radiologist, whose income is derived from referrals from physicians. Therefore her social participation, entertainment, and work in the medical association auxiliaries would be more significant than if she were married to a general practitioner, or of very little significance if she were a ranch wife. In other words, the generalizations argued by plaintiff cannot control. Conceding all parties give up something when they decide to marry, the court would have to look to the individual case. Some wives can step back into their prior jobs or careers and some cannot. It would seem the trial court at the time of the divorce looks at this aspect of the parties' lives as a contributing factor to the determination in terms of ability to proceed to reenter gainful employment.

We do not feel the argument as to the adequacy of the child support award or its inclusion in the discussion is relevant. Therefore, we will not comment on it.

After a close examination of all of the circumstances in the record, we feel the award appealed from is supported by the record and the applicable law.

The judgment of the trial court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.