No. 12342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

JO ANNE AKSAMIT,

Plaintiff and Respondent,

-vs-

ALLEN V. AKSAMIT,

Defendant and Appellant.

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable Ronald D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Harris, Jackson and Utick, Helena, Montana.
        LaVerne Harris and Andrew Utick argued, Helena,
        Montana.

    For Respondent:

        Lyman H. Bennett, Jr. and Lyman H. Bennett, III argued,
        Bozeman, Montana.

                            Submitted:  April 27, 1973

                              Decided:  JUN - 8 1973

Filed:  JUN - 8 1973

_Thomas J. Kearney_
                                    Clerk

Honorable Robert Boyd, District Judge, sitting in place of Mr. Justice Gene B. Daly, delivered the Opinion of the Court.

This is an appeal from a decree of the district court of the eighteenth judicial district, county of Gallatin, sitting without a jury, granting a decree of divorce, determining custody of a minor child and dividing jointly held property between the parties. Thereafter the defen- dant filed his motion for new trial in accordance with Rule 59, M.R.Civ.P., after service of notice of entry of judgment. This motion was denied by failure of the trial court to rule upon it within the time specified in Rule 59(d), M.R.Civ.P.

Plaintiff, Jo Anne Aksamit, and defendant, Allen V. Aksamit, were married at Helena, Montana, on September 23, 1960, it being the second marriage for both. For convenience sake the parties will be hereafter re- ferred to as "Jo Anne" and "Allen".

At the time of the marriage Jo Anne and Allen were both residing in Helena where Allen operated a welding shop. At that time Jo Anne was supporting her two minor daughters by a previous marriage. Thereafter in 1962 Allen and Jo Anne moved to Bozeman, Montana, where they purchased a trailer court for the sum of $10,000. At the time of the purchase the trailer court consisted of approximately two and a half acres and seven trailer spaces and was subsequently expanded to five acres and thirty-four trailer spaces capable of earning a monthly income of $1,200. The trailer court and the additions thereto were acquired by cash contributions of both parties, it appearing that Jo Anne had contributed approximately $36,000 in the trailer court from moneys coming to her as a result of her first husbands death and that she subsequently contributed some $13,000 coming from the sale of her home in Helena, Montana, and that she did likewise con- tribute another $5,500 from the sale of other assets coming to her by reason of her first husband's death, making a total of cash contributions of approximately $54,500.

Defendant contributed approximately $5,000 from the sale of his welding shop in Helena and another $3,800 from the sale of certain tools.

- 2 -

During the course of the marriage Jo Anne and Allen jointly worked and developed the trailer park. Jo Anne's children by her prior marriage had Social Security income and the money received went for family living expenses. The trial court found that at the time of the divorce the trailer court had a market value of $90,000 to $100,000.

In addition the parties acquired jointly the following described personal property: (1) 20' X 52' double-wide mobile home, (2) 8' X 35' Safeway mobile home, (3) a 1965 Oldsmobile, (4) a 1966 Ford Bronco, (5) three Honda motorcycles, (6) a 1965 GMC half-ton pickup with camper, (7) a cabin cruiser, (8) a Trail Breaker motorcycle.

All of these items were paid for with the exception of the trailer court which had an outstanding balance due on its mortgage of $14,110.42.

One child, a son, Lonnie Aksamit, was born as issue of this marriage on November 12, 1963, and he continues to reside with Jo Anne. In its decree the court awarded the following property to Jo Anne: (1) Aljo Trailer Park, (2) 1965 Oldsmobile, (3) 1966 Ford Bronco, (4) 20' X 52' double-wide mobile home, (5) 8' X 35' Safeway mobile home, plus any and all other personal property not specifically mentioned.

Allen received the following property: (1) Cabin cruiser, (2) one Honda, (3) one Trail Breaker, (4) 1965 GMC pickup and camper, (5) Artic Cats, and all tools and personal property located at the Aljo Trailer Court.

In addition Jo Anne was made responsible for all indebtedness of the parties incurred on or before April 30, 1971, including the balance of the mortgage on the Aljo Trailer Court. The court further decreed that Allen, by quitclaiming his interest in the Aljo Trailer Court was to be relieved of any and all obligations for care, maintenance and support of Lonnie Aksamit, the minor child, which support was deemed to require the sum of $12,000.

Two questions are presented upon appeal. The first issue presented is whether or not the motion on behalf of Allen for the appointment of an appraiser should have been granted;and secondly, whether the trial court abused its discretion in dividing the parties jointly-held property.

From the transcript it is apparent that all of the testimony concerning values was given directly by both Allen and Jo Anne. This related directly to the cash contributions of each of the parties to the marriage and particularly the testimony of Allen with respect to the value of the trailers and of the trailer court. In this respect it was established that Allen had, as an owner, knowledge more than that possessed generally by individuals of the value of trailers and trailer courts. Allen testified that in his opinion the trailer court had a value of $100,000 and that he had received a bona fide offer through a realtor for the purchase of the property some two or three years prior to the time of the divorce of $87,000. The district court in its findings placed the value of the trailer court at between $90,000 and $100,000, a value related directly to the testimony of Allen. It therefore does not appear to this Court that the district court erred in accepting the testimony of Allen with reference to the value of the trailer court and that Allen was not prejudiced by the refusal of the district court to appoint an appraiser.

The defendant concedes that in a divorce action the district court has equitable powers to adjust property interest of the parties. Libra v. Libra, 157 Mont. 252, 484 P.2d 748 (1971). The defendant likewise recognizes that in adjusting property interests, the court will consider the contributions made by the parties in acquiring the property in question. Finlayson v. Finlayson, ___Mont.___, 500 P.2d 225, 29 St.Rep. 649 (1972). Defendant contends that the district court failed to follow these guide lines in arriving at a division of the property owned by the parties at the time of the trial. With this contention we do not agree. A reading of the transcript and the findings of fact and conclusions of law adopted by the district court indicate that the presiding judge therein took into consideration each of the assets claimed by the parties to the marriage, as well as the individual contribution of each of the parties thereto. It is apparent that the district court took into consideration not only the joint efforts of the parties in enhancing, enlarging and maintaining the trailer court properties but the financial contribution of the parties as well. As stated in Cook v. Cook, 159 Mont. 98, 495 P.2d 591, 29 St.Rep. 226 (1972), " * * * Each case must

be looked at by the trial court individually with an eye to its unique circumstances. * * *" We find that in this case the district court has followed that mandate and the judgment is hereby affirmed.

Hon. Robert Boyd, District Judge, sitting in place of Mr. Justice Gene B. Daly.

We concur:

Chief Justice

Associate Justices

Hon. Alfred B. Coate, District Judge, sitting in place of Mr. Justice John C. Harrison.

- 5 -