No. 13091

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

GLADYS THELMA DOWNS,

                    Plaintiff and Appellant,

        -vs-

ROBERT FRED DOWNS,

                    Defendant and Respondent.

Appeal from:   District Court of the Thirteenth Judicial District,
               Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Lucas, Jardine & Monaghan, Miles City, Montana
        James P. Lucas argued, Miles City, Montana
        Kronmiller and Seykora, Hardin, Montana
        James E. Seykora argued, Hardin, Montana

    For Respondent:

        Cate, Lynaugh, Fitzgerald and Huss, Billings, Montana
        Jerome J. Cate argued, Billings, Montana

                            Submitted:   April 22, 1976

                            Decided: JUN 2 8 1976

Filed: JUN 2 8 1976

*Thomas J. Kearney* Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises out of a property settlement in a divorce action in the district court, Big Horn County.

The only issue before this Court is whether the trial court in its division of property abused its discretion, or made an inequitable division of the assets, most of which were acquired during the 19 years of the parties' marriage.

Plaintiff and defendant were married in 1956. Defendant was 34 years of age at the time of the marriage and had been previously married and divorced. Plaintiff was 24 years of age at the time of the marriage. Three children were born to the parties, one died as a result of a fire that destroyed the family ranch home in 1971. The other two children are Debbie Diane, age 16 and a son Ricky Ray, age 12.

Plaintiff filed for divorce, custody of the children, alimony, and a division of property. Defendant filed a cross complaint. Custody of daughter Debbie Diane was awarded to plaintiff, together with $200 per month child support, plus an award to plaintiff of 32 acres of land (including the family home valued between $30,000 and $70,000), household contents, auto, plus $250,000, payable in installments over a period of 12 years. Defendant was awarded custody of son Ricky Ray and all the remaining property, subject to the mortgages and liabilities.

At the time of divorce plaintiff was 42 years of age. Her education consisted of one year of high school. She was working as a waitress at the time she married defendant. During the entire marriage she performed the many tasks necessary to raise her family and help run a ranch operation. Her contributions to the

marriage partnership were many and they undoubtedly helped the couple in acquiring considerable wealth. Plaintiff contends at the time of the marriage the value of defendant's assets was approximately $45,000 and through joint efforts their present net worth is $2,800,000.

Defendant was 52 years of age at the time of the divorce. He has successfully engaged in a variety of businesses, including a livestock operation, farm and ranching, a truck line from Seattle to Alaska, an aerial spray service, oil well production, and others. Throughout the marriage defendant kept title to his property in his own name except for contracts for deed conveying real property sold by defendant and upon which his wife's name appeared as seller. Defendant contends the reasonable value of his assets at the time of the marriage was in excess of $400,000 and that the time of the divorce his assets were considerably less than the amount alleged by plaintiff.

On appeal, the problem confronting this Court centers around the question of defendant's assets at the time of his marriage and at the time of the divorce. The transcript portrays him as a most evasive witness. At the very first page of the transcript, counsel for plaintiff moved to postpone the trial on the grounds that interrogatories due from defendant had not been delivered on time and when they were received they were evasive, incomplete and prevented an adequate discovery process. In his motion, counsel also informed the trial court the affidavit of an appointed appraiser of the property showed that without being fully informed of all the property and having five or six days to conduct the appraisal, he could not bring back any values. This motion to postpone was denied by the court and it is obvious the

trial judge, as well as plaintiff's counsel, lacked a full disclosure of the parties' assets at the time of trial. This failure to fully put before the trial court proper valuation of all the property caused the trial court to make an inequitable distribution of the property insofar as plaintiff's needs are concerned.

Too, the trial court was faced in making its decision with the problem of interpreting and evaluating the credibility of defendant as a witness. Throughout the testimony of defendant, he was evasive and gave unfair and incorrect answers, all of which should have raised the question of credibility as a witness. Defendant's testimony was of little assistance to the trial judge in making a fair division of the property.

This Court in a number of recent opinions concerning the trial court's power to divide property accumulated during the marriage, has held the division should be on an equitable basis regardless of who had title to the property. Aksamit v. Aksamit, 162 Mont. 266, 511 P.2d 10; Libra v. Libra, 157 Mont. 252, 484 P.2d 748; Bloom v. Bloom, 150 Mont. 511, 437 P.2d 1. Further, that the court in making property divisions may consider property owned at the commencement of the marriage, financial contributions, the efforts of the parties, including the performance of duties and responsibilities requested of a wife. Cook v. Cook, 159 Mont. 98, 495 P.2d 591; Hunnewell v. Hunnewell, 160 Mont. 125, 500 P.2d 1198; Francke v. Francke, 161 Mont. 98, 504 P.2d 990.

Admitted into evidence during the trial was a financial statement submitted by defendant to the Big Horn County State Bank in April 1974. In this record, that statement is the only indication of the net worth of defendant. Therein he lists his

total assets at $3,371,007; his liabilities at $489,000; and his net worth at $2,882.007.

Plaintiff argues that the award to her compared to the net assets of defendant when computed into percentages would mean an award of only 9.56%. If one were not to discount the $175,000 award to a value of $100,612.21, plaintiff would receive approximately 12.2% of the property accumulated during the marriage. Plaintiff argues in Hodgson v. Hodgson, 156 Mont. 469, 482 P.2d 140, the wife received 70% of the accumulated assets, in Cook she received 69% and that in Johnson v. Johnson, 137 Mont. 11, 349 P.2d 310, the Court spoke of an equal division of that accumulated under the joint efforts of the parties as not unreasonable. While in all three of the cited cases we were considering much smaller accumulations than in the instant case, an argument is made that under the ruling of the trial court at the end of a twelve year period, at an age and health period when she might need it most, the payments will cease.

In view of the unreliability of the record as to the true net worth of defendant at the time of the marriage and at the time of the divorce, the judgment is set aside.

We remand this cause to the district court with directions to hold a new trial.

John Conway Harrison
Justice

- 5 -

We concur:

_Wesley Castles_

_Gene B Daly_

_Frank I. Haswell_
Justices

_R.D. McPhillips_
Hon. R.D. McPhillips, District
Judge, sitting for Mr. Chief Justice
James T. Harrison.