No. 13245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IRMA ROE,

Plaintiff and Respondent,

-vs-

JAMES A. ROE,

Defendant and Appellant.

---

Appeal from:   District Court of the First Judicial District,
Honorable Peter Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Patrick F. Hooks argued, Townsend, Montana

For Respondent:

Gough, Booth, Shanahan and Johnson, Helena, Montana
Ward A. Shanahan argued, Helena, Montana

---

Submitted:  August 31, 1976

Decided:  SEP 16 1976

Filed:  SEP 16 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant James A. Roe from a division of property in a divorce decree entered in the district court of Broadwater County. Defendant does not appeal from the grant of divorce to plaintiff Irma Roe, but contends that the district court abused its discretion in its division of property between him and plaintiff.

The facts of this case are not seriously in dispute, for the district court adopted the defendant's proposed findings of fact as its own, with certain exceptions not pertinent here.

Plaintiff and defendant were married in 1966. No children were born of this marriage, but both parties had children from previous marriages. At the time of the marriage, defendant owned a bar called the Pagan Room in Lewiston, Idaho, while plaintiff owned equity in a residence and a part interest in a lot in Coeur d' Alene, Idaho  In summary fashion, we will set forth the various family and business transactions which took place during the marriage.

Plaintiff sold her equity in the Coeur d' Alene residence and used it as a down payment on a residence for their family in Lewiston. The parties acquired a bar called the Martini Room in Lewiston. After defendant acquired an interest in plaintiff's Coeur d' Alene lot, that property was pledged as security for the money to start the Martini Room. The liquor license for the Pagan Room was in defendant's name, and the liquor license for the Martini Room was in plaintiff's name. Defendant managed the Pagan Room until its sale in 1969, and plaintiff managed the Martini Room until its sale in 1967. During this period, defendant opened an exhaust repair shop. After the sale of the Martini Room, plaintiff worked some shifts at the Pagan Room and also was employed as a bartender at a local hotel.

In 1971, defendant purchased the Mint Bar and Cafe in Townsend, Montana. The following properties were traded in this purchase: the Lewiston residence, the Coeur d' Alene lot, and the balance due on the Martini Room contract of sale. Defendant assumed further indebtedness in the transaction. Plaintiff is not a named party to the Mint contract nor is her name on the deed in escrow. Plaintiff worked part time at the Mint Bar periodically from 1971 to 1973. At the time of trial, defendant continued to operate the Mint Bar.

In 1973, plaintiff and defendant separated. Defendant made a down payment on a residence in Coeur d' Alene for plaintiff using funds from the Mint Bar and borrowed funds. Plaintiff lived in this home at the time of trial. Also in 1973, the parties constructed an A & W drive-in facility in Post Falls, Idaho. This was partially acquired with the proceeds from the sale of the Pagan Room or Martini Room, or both, and title was held jointly. Defendant obtained the money necessary to acquire the A & W franchise. Plaintiff worked full time managing the A & W, and made the monthly payments on the Coeur d' Alene residence. During the time plaintiff managed the A & W she received all the monthly payments from the contract of sale of the Pagan Room. The A & W was sold under contract shortly before trial.

Other properties involved in the settlement included real property in Montana and Arizona, and miscellaneous personal property.

The district court's findings of fact state at one point that during the entire term of this marriage, " * * * the parties had or acquired and sold various properties - often using the sale proceeds of one property to acquire another property * * *." The findings of fact conclude with the following statement:

> "7. It is impossible for the Court to determine
> with exactitude the amount of financial contri-
> butions made by both parties to their present

- 3 -

property interests. It is quite apparent that
the success of the various enterprises has been
due to the hard work of both and considerable
good business judgment."

The district court decreed absolute divorce to the plaintiff
and made its division of the parties' property interests. Plaintiff
was awarded the Coeur d' Alene residence subject to its indebted-
ness, the A & W contract subject to a Small Business Administra-
tion indebtedness, the Pagan Room contract balance, the Arizona
real property subject to the balance due on the purchase contract,
certificates of deposit, and personal property. Defendant was
awarded the Mint Bar and Cafe properties subject to its indebted-
ness, the other Montana property, and personal property. In addi-
tion, defendant was ordered to pay a portion of the A & W property
sales commission and a portion of the A & W accounts payable. The
result of this division was that the parties received property
of roughly equal dollar value.

The main issue is whether the district court abused its
discretion in making the property division described above. De-
fendant also contends that the district court should have granted
his motion to withdraw its findings of fact and conclusions of
law, and enter new findings and conclusions and direct entry of
a different judgment.

The entire basis of defendant's claim of error is that
the district court arrived at an equal division of the property
in a mechanical manner without considering the unique circum-
stances of the parties. Defendant criticizes this "arithmetic"
approach as a virtual application of "community property law"
to property divisions in a state where community property prin-
ciples do not obtain. Analysis of this argument discloses de-
fendant's desire for the application of a standard more closely
connected to the individual financial contributions of each
party. Unfortunately for defendant, his contentions have been

- 4 -

argued and rejected in this Court on numerous previous occasions.

A district judge's resolution of property divisions is "fettered only by the range of reason and his judgment will not be disturbed in the absence of an abuse of discretion." Cook v. Cook, 159 Mont. 98, 103, 495 P.2d 591; Finlayson v. Finlayson, 160 Mont. 64, 500 P.2d 225. The Supreme Court's role in passing on the lower court's abuse of discretion was aptly described in Porter v. Porter, 155 Mont. 451, 457, 473 P.2d 538:

> " * * * a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice."

The approach urged by defendant, that the district court abused its discretion because defendant made more financial contributions to the marital entity's wealth than plaintiff, does not comport with the settled law in Montana. In Cook we said at 103:

> "The district court apparently considered more in this case than mere financial contributions. The law has never confined 'joint efforts' to such a narrow meaning. The marital partnership is more than a business relation. The pecuniary and proprietary fruits of the marriage are frequently acquired by joint effort, even though actual financial outlay may be more the contribution of one spouse than the other."

Numerous cases preceding and following Cook are to the same effect. See: Johnson v. Johnson, 137 Mont. 11, 349 P.2d 310; Tolson v. Tolson, 145 Mont. 87, 399 P.2d 754; Finlayson v. Finlayson, supra; Hunnewell v. Hunnewell, 160 Mont. 125, 500 P.2d 1198; Francke v. Francke, 161 Mont. 98, 504 P.2d 990.

The power of the district court to exercise its discretion in the division of property interests is a necessary incident of its equitable jurisdiction in divorce actions. Johnson v. Johnson, supra.

As stated in Cook at 102:

> " * * * the trial court may make an equitable
> division of the litigants' property in a divorce
> action regardless of the state of title to that
> property and regardless of actual financial
> contribution. * * *"

A long line of Montana cases are in harmony with this rule.  See:
Bloom v. Bloom, 150 Mont. 511, 437 P.2d 1; Hodgson v. Hodgson,
156 Mont. 469, 482 P.2d 140; Libra v. Libra, 157 Mont. 252, 484
P.2d 748; Finlayson v. Finlayson, supra; Aksamit v. Aksamit, 162
Mont. 266, 511 P.2d 10; LaPlant v. LaPlant, ____Mont.____, 551
P.2d 1014, 33 St.Rep. 580.

It is also well settled in Montana that where undisputed
findings indicate substantial financial and personal contributions
by both parties, an equal division of the property interests is
not unreasonable.  Johnson v. Johnson, supra; Cook v. Cook, supra.
There is no authority in law or reason for the proposition that
under such circumstances an equal division of property between
the parties somehow converts Montana into a community property
state.  See:  Cook v. Cook, supra.

Based on these principles, we find that the district
court did not abuse its discretion in its judgment, nor in its
refusal to enter new findings and conclusions and a different judgment.

The judgment of the district court is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____
Justice

Mr. Justice John Conway Harrison concurring and dissenting:

I concur in the result and dissent only as to the expenses
charged against defendant regarding the sale of the A & W in Idaho.
This I feel is an abuse of discretion and I would charge all those
expenses and debts to the plaintiff.

_____
                    Justice