No. 13711

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

CARLEY R. CROMWELL,

      Petitioner and Appellant,

  -vs-

GARDNER CROMWELL,

      Respondent and Respondent.

_____

Appeal from:  District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellant:

        Garlington, Lohn and Robinson, Missoula, Montana
        Larry Riley argued, Missoula, Montana

    For Respondent:

        Mulroney, Delaney, Dalby and Mudd, Missoula,
          Montana
        Dexter L. Delaney argued, Missoula, Montana

_____

                Submitted: September 22, 1977

                    Decided:

Filed:

_Thomas J. Kearney_
                         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Appellant Carley R. Cromwell brought this action to dissolve her marriage to Gardner Cromwell. The cause was tried before the Hon. E. Gardner Brownlee, district judge, Missoula County, who on November 30, 1976, handed down a final decree. Appellant claimed the right to receive a portion of the jointly acquired property of the parties, together with attorney fees and support. The court, having heard the evidence, decreed the marriage be dissolved and assets of the parties be divided in this manner:

1. To the petitioner, Carley Cromwell:

a. The family home, together with all items of personal property contained therein.

b. The parties' interest in property located in Hawaii.

2. To the respondent, Gardner Cromwell:

a. The retirement and other pension benefits which he had built up during his years as a law professor at the University of Montana.

From this property settlement Carley Cromwell appeals. The only issue on appeal is whether the district court erred in its property division and maintenance (alimony) award.

A district court has far reaching discretion in resolving property divisions, and its judgment will not be altered unless there is a clear abuse of that discretion. Eschenburg v. Eschenburg, _____Mont._____, 557 P.2d 1014, 33 St.Rep. 1198 (1976).

- 2 -

In Roe v. Roe, _____Mont._____, 556 P.2d 1246, 33 St.Rep. 863, 866 (1976), quoting from Porter v. Porter, 155 Mont. 451, 457, 473 P.2d 538 (1970), this Court stated:

"'* * * In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice.'" 33 St.Rep. 866.

Section 48-321, R.C.M. 1947, of the Montana Uniform Marriage and Divorce Act, provides in part:

"* * * the court * * * shall * * * equitably apportion between the parties the property and assets belonging to either or both however and whenever acquired, and whether the title thereto is in the name of the husband or wife or both. In making apportionment the court shall consider the duration of the marriage * * * the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and the needs of each of the parties * * * and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates, and the contribution of a spouse as a homemaker or to the family unit. * * * the court shall consider those contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker * * *."

Section 48-322, R.C.M. 1947, provides the court may grant maintenance to a spouse if it finds the spouse seeking maintenance:

a. Lacks sufficient property to provide for her reasonable needs, and

b. is unable to support herself through appropriate employment.

Section 48-322 further provides the maintenance order shall be in such amounts and for such periods of time as the

court deems just, and the court shall consider all relevant factors including:

a. The financial resources of the party seeking maintenance, including marital property apportioned to her, and her ability to meet her needs independently;

b. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

c. The standard of living established during the marriage;

d. The duration of the marriage;

e. The age, and the physical and emotional condition of the spouse seeking maintenance; and

f. The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

It is important here to review what transpired at the district court level. There had been an agreed property settlement submitted to the court. The district court judge from the beginning told the parties that he did not believe in alimony. Counsel for Carley Cromwell pointed out to the judge that in making a reasonable division of the assets, there had to be a recognition that the most valuable asset of the marriage was the job, education and training of Gardner Cromwell. The court replied there was no reason why Carley Cromwell could not use her training as a nurse and went on to state he was not going to give her the right to have any money from her husband.

Carley Cromwell tried to amend her petition under Rule 34, Montana Rules of Civil Procedure, to increase the amount of

alimony which she was asking. In response to this attempt to amend, the judge stated:

> "I don't know what type of testimony you want to put in, I have already told you as a matter of law that I am not interested in alimony. I'm going to try to adjust it some other way. If I do make an Order, it will not be alimony, it will be that the Property Settlement Agreement is short by exact number of dollars that the wife should receive from the husband * * *. That's the way I intend to do it. Now apparently you are not satisfied with my belief on this point so there is going to be an appeal. I suggest we have the shortest record possible so that you can appeal on whether or not this interpretation on the law on my part is proper or not."

It is readily apparent from the district court record that the trial court judge in his exercise of discretion over the property settlement abused his discretion when he ignored the mandates contained in sections 48-321 and 48-322, R.C.M. 1947, and that the record reveals he refused to consider the needs of appellant for some financial assistance during the transition from housewife to a single person.

The judgment of dissolution of marriage is affirmed. The judgment pertaining to the property settlement of the parties is reversed and remanded for a proper hearing to determine property division, taking into account the appropriate law. In view of the length of time that Carley Cromwell has gone with no support, it is further ordered the district court hold a hearing on temporary support within a period of 30 days after remittitur issues and in the event this has not been done within the time set forth, it is hereby ordered that Carley Cromwell shall be awarded the sum of $500 per month as temporary support from date of remittitur and shall continue until a reasonable amount has been established by the district court.

Remittitur shall issue immediately with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.