No. 12871

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

BERTIE TURVILLE,

                  Plaintiff and Respondent,

    -vs-

DAVID TURVILLE,

                  Defendant and Appellant.

---

Appeal from:  District Court of the Ninth Judicial District,
             Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Dzivi, Conklin, Johnson and Nybo, Great Falls,
        Montana
        L. D. Nybo argued, Great Falls, Montana

    For Respondent:

        Charles M. Joslyn argued, Choteau, Montana

---

                    Submitted:  March 3, 1975

                    Decided: APR - 1 1975

Filed:  APR 1 1975

Thomas J. Kearney
                  Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a divorce action initiated in the district court, Teton County. The sole issue on appeal is whether the district court abused its discretion in ordering the sale of a farm jointly owned by the parties in order to compensate the wife for her interest in the property.

The parties to this action, David Turville and Bertie Turville were married on August 20, 1956. Four children were born of this marriage. Their ages at the time the complaint was filed were: Daniel, age 17; Walter, age 16; Laura, age 15; and Earla, age 13.

The farm in question consists of 320 acres and is located near Fairfield, Montana. It was originally purchased by David and his brother in 1954 for $37,000. However, subsequent to the marriage the brother's interest was purchased by the parties. In 1972, the entire farm was refinanced and placed jointly in the names of the parties, pursuant to the terms of the financing agreement.

The record discloses that during the years 1957 through 1971, a period of 15 years, the farm produced a total net income of only $19,171.18. In 1972, the farm sustained a net loss of $8,349.09. To support a growing family during these lean years, the wife, Bertie, was compelled to seek outside employment in addition to assisting David in the operation of the farm. All of Bertie's off-farm income was contributed to a joint checking account which helped defray the family's living expenses. The record discloses Bertie contributed the sum of $42,402.35 during the years of 1957-1972. During those same years, David's main occupation was the operation of the farm. His efforts to secure outside employment were largely futile because of a hearing deficiency of at least 50%.

In January 1973, Bertie filed for a divorce and petitioned

the court for custody of the children; $50 per month as child support for each child in addition to future medical and dental expenses of each child; and, attorney fees. She also petitioned to have a settlement of her rights in the farm. David's answer alleged, inter alia, that it would be inequitable to order a physical division of the farm or to direct that it be sold because he was unable to pursue any other occupation except farming.

On May 11, 1973, this action was tried and on September 12, 1973, the district court entered a decree which dissolved the marriage; granted custody of the children to Bertie, and, ordered David to pay $50 per month per child as child support, in addition to the future medical and dental expenses of the children. The district court also ordered the farm to be equally divided between the parties.

On October 19, 1973, David filed a motion for a new trial, or in the alternative, to amend the findings and conclusions of the court. On January 11, 1973, the district court granted a new trial upon the issue of the respective property rights only. After additional testimony was heard, the court entered an order mandating that the farm and the personal property used in connection with the farming operation be placed upon the market and sold. The proceeds from the sale were to be equally divided between the parties after payment of the expenses of sale, encumbrances against the property and the debts of the marriage existing as of the date of the divorce. David's child support obligation was reduced from $50 to $40 per month for each child.

It is from this order directing the farm to be sold that David appeals.

In Cook v. Cook, 159 Mont. 98, 104, 495 P.2d 591, Montana has recognized the principle that in equitably dividing the property

of the parties to a divorce action:

> "Each case must be looked at by the trial court individually with an eye to its unique circumstances."

Consequently, the district court is clothed with discretion in settling the respective property rights of the parties. In Porter v. Porter, 155 Mont. 451, 457, 473 P.2d 538, this Court recognized this discretion and stated:

> "This Court is well aware of its role when asked to look into matters of abuse of discretion of the trial court and we have noted the number of cases and other citations given us by the parties. We feel an approved composite position simply stated would be: a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice."

We decline to substitute our discretion for that of the district court. Considering the factual situation in the instant case, the action of the district court was reasonable and realistic, especially when these additional facts are shown:

1. The real property taxes on the farm were delinquent for the second half of 1972 and for the entire year of 1973.

2. The annual payment on the mortgage for the year 1974 was unpaid and was approximately 3 months delinquent as of the date of the second trial.

3. The parties' current debts were quite substantial in view of the earning capacity of the farm.

4. Bertie's testimony indicated that David tended to procrastinate in signing up for government programs which would benefit the farm and that he was incapable of maintaining the farm by himself.

When the district court was confronted with the preceding

facts, it found that the entire investment of the parties was in serious jeopardy and there was a distinct possibility that both parties could lose everything, if positive action was not taken. Certainly, the court's action cannot be labeled as "arbitrary" or "exceeding the bounds of reason" as contemplated by Porter.

In Latus v. Latus, 163 Mont. 315, 517 P.2d 356, 30 St. Rep. 1121, a divorce action, the district court ordered the husband to either sell the parties' jointly owned house and give the wife one-half of the proceeds or to pay the wife $10,000 as her interest in the house. This Court affirmed this exercise of discretion.

In essence, the same situation exists in the instant case. David has been ordered to sell the farm. However, the district court, in its conclusion of law IV provided him with this option:

> "Should either of the parties choose to purchase the property, either party shall have the option to meet any and all bids and terms of the sale, but the party must exceed either of the other party's bid * * *."

Finding no abuse of discretion, the judgment of the district court is affirmed.

_____
                         Justice

We concur:

_____
  Chief Justice

_____

_____
  Justices

- 5 -