IN RE THE MARRIAGE OF LORRAINE K. BLAIR, PETITIONER AND
APPELLANT, AND SAM BLAIR, RESPONDENT AND RESPONDENT.

No. 14164.
Submitted on Briefs May 21, 1978.
Decided Aug. 21, 1978.
583 P.2d 403.

Joseph P. Hennessey, Billings, for appellant.

MR. JUSTICE HARRISON delivered the opinion of the Court.

From an order issued by the Honorable C. B. Sande, Thirteenth Judicial District, Yellowstone County, setting aside the decree of dissolution and subsequent nunc pro tunc order entered by the Honorable Robert H. Wilson of the same judicial district, petitioner appeals.

Following their June 19, 1975, marriage in Las Vegas, Nevada, petitioner and respondent resided in the Twin Falls, Idaho, area. On September 2, 1976, petitioner filed an action for divorce in the Fifth Judicial District, Twin Falls County, Idaho, to which respondent made no answer within twenty days after service of summons as required by Rule 12(a), Idaho R.Civ.P. In that same month, the parties reconciled, and allegedly petitioner told her Idaho attorney to dismiss the petition for divorce. Sometime in 1977, the parties moved to Billings, Montana. After respondent left her, petitioner, on June 15, 1977, filed for dissolution of marriage in Billings. Due to the fact that respondent could not be personally served, although every effort was made to do so, the court directed that service of process by publication be made. That was done, but because respondent failed to answer the petition, default was entered on August 26, 1977. On that same date, Judge Wilson, satisfied that the procedural and jurisdictional requirements had been met, entered a decree of dissolution of marriage, dissolving the marital relationship of the parties and awarding petitioner as her separate property one lot in Yellowstone County. A nunc pro tunc order, amending that decree so as to include an award of a mobile home to petitioner, was filed on September 23, 1977.

Acting on respondent's motion filed November 4, 1977, Judge Sande, on January 4, 1978, entered an order setting aside the Mon-

tana decree of dissolution of marriage and nunc pro tunc order, based on his determination that the Montana court lacked jurisdiction to entertain divorce proceedings. Petitioner appeals therefrom.

Of its own initiative, this Court, on May 11, 1978, ordered respondent to file his brief within ten days. Respondent failed to do so, and the cause was deemed submitted for decision at the end of that ten-day period. We now set aside the order issued by Judge Sande and reinstate the decree of dissolution and the nunc pro tunc order of Judge Wilson.

Respondent knew of the proceedings pending in the Montana court. On July 28, 1977, more than a month after the petition for dissolution had been filed, he and petitioner had a telephone conversation during which they discussed possibilities of Mr. Blair getting his property from the Billings house, of him returning home and of Mrs. Blair dismissing the petition. However, he willfully refused to timely file a responsive pleading in the Montana court. He thus, in effect, elected to have default entered against him and to have petitioner proceed ex parte.

On or about August 1, 1977, almost a year after the Idaho petition was filed, he elected to answer and counterclaim on the Idaho petition. Whether respondent was given leave to file tardily is not evident from the record before this Court, but that is of little moment. It does not appear that the Idaho court has acted on the petition before it, and nowhere does respondent even allege that it has done so in a manner which would act as a jurisdictional bar to the Montana proceedings.

On January 18, 1978, almost five months after the decree of dissolution was entered by the Montana court, respondent filed his response to the Montana petition. Therein he demanded, *inter alia*, that the marriage of the parties be dissolved and that the parties' property, admitted to be jointly held real property in the State of Montana, be distributed under the laws of the State of Idaho. Given the demands made in his response, respondent cannot be heard to object to the jurisdiction of the Montana court to enter a decree of dissolution of the parties' marriage, for he himself asks, albeit

somewhat tardily, the same court for the same decree of dissolution.

Section 48-317(3), R.C.M.1947 (Supp.1977), provides:

"If a proceeding is commenced by one of the parties, the other party must be served in the manner provided by the Montana rules of civil procedure and may within 20 days after the date of service file a verified response. No decree may be entered until 20 days after the date of service."

Respondent was served in the manner provided by the Montana Rules of Civil Procedure. Because he did not file a verified response within twenty days after the date of service by publication, deemed completed on the date of the last publication of summons according to Rule 4D(5)(g), M.R.Civ.P.; default was entered. A decree of dissolution of marriage was also entered, but not until twenty days after the date of service had elapsed.

That service by publication is permitted in a divorce action is beyond dispute; Rule 4D(5)(a)(iii), M.R.Civ.P., specifically so provides. Rule 4D(5)(b), M.R.Civ.P., allows a court of competent jurisdiction to render a decree which will adjudicate any interest of a defendant so served in the status, property, or thing upon which the court has acted. Because a decree of dissolution affects the *status* of the parties, section 48-315(5), R.C.M.1947 (Supp.1977), and so is an action in rem, the District Court did not err in entering such a decree even in the absence of respondent.

As to the adjustment of property rights about which respondent impliedly complains, we reiterate that the District Court has equitable powers to deal with the adjustment of property rights between parties in a divorce action. *LaPlant v. LaPlant* (1976), 170 Mont. 155, 551 P.2d 1014, 1015. In a proceeding for dissolution of a marriage, the District Court is mandated by section 48-321(1), R.C.M.1947 (Supp.1977), to "finally equitably apportion between the parties the property and assets belonging to either or both however and whenever acquired, and whether the title thereto is in the name of the husband or wife or both." That apportionment will not be disturbed on appeal unless review reveals that there has been

a substantially inequitable division which evidences an abuse of discretion. See *Eschenburg v. Eschenburg* (1976), 171 Mont. 247, 557 P.2d 1014, 1016; *Perkins v. Perkins* (1975), 168 Mont. 78, 79, 540 P.2d 957, 958; *Finlayson v. Finlayson* (1972), 160 Mont. 64, 66, 500 P.2d 225, 226. Because the property adjustment made by the District Court, based on the information available to it, is not substantially inequitable, we find no abuse of discretion requiring the attention of this Court.

The order setting aside the decree and subsequent nunc pro tunc order is vacated, and the decree of dissolution of marriage and nunc pro tunc order issued by Judge Wilson is reinstated.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and SHEEHY concur.