611 P.2d 1025
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gary Lee BRADAC, Defendant-Appellant.**

**No. 13157.**

Supreme Court of Idaho.

March 7, 1980.

Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Leslie Goddard, Deputy Attys. Gen., Boise, for plaintiff-respondent.

SCOGGIN, Justice Pro Tem.

In early September 1978, Gary Bradac, defendant-appellant drove an acquaintance's car without her permission to Fulton, Missouri. Bradac was arrested in Fulton for auto theft and was returned to Idaho to face the charge. He pled guilty to possession of a stolen motor vehicle and the judge sentenced him to an indeterminate prison sentence not to exceed five years. Bradac appeals the length of his sentence, arguing that the district judge should have left the sentence open for 120 days pending further psychiatric evaluation and allowing defendant the opportunity to begin treatment for alcoholism.

█ Sentencing is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion appears. *E. g., State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1980); *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979).

█ The record indicates that the judge considered Bradac's problems when he ordered the indeterminate sentence. According to the presentence report, Bradac's criminal activities may not have been as involuntary as Bradac would have the court believe. The investigator felt that the use of false social security number and aliases indicated planned deceit, not a product of organic alcoholism. The trial court, however, agreed with Bradac that alcoholism was a severe problem for him, but it felt that retaining jurisdiction for another 120 days would not accomplish anything. Noting Bradac's immediate history, the court believed that Bradac should be treated for alcoholism in a restrained setting, and that the best means for accomplishing this goal was the Veterans Administration program. In order to ensure that Bradac would be admitted into the program and remain with it, the court sentenced him to an indeterminate prison sentence. Not only did Bradac fail to carry his burden of proof, but also nothing in the record indicates an abuse of

judicial discretion. Bradac's indeterminate sentence not to exceed five years must therefore stand.

Judgment affirmed.

BAKES, McFADDEN and BISTLINE, JJ., and DUNLAP, J. Pro Tem., concur.