No. 14956

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN RE THE MARRIAGE OF
JAY F. OWEN,

Petitioner and Respondent,

vs.

IDALENE OWEN, a/k/a
IDALENE L. OWEN,

Respondent and Appellant.

_____

Appeal from:  District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Anderson,Sinclair & Murphy, Billings, Montana

For Respondent:

William F. Meisburger, Forsyth, Montana

_____

Submitted on briefs: February 27, 1980

Decided: APR 1 - 1980

Filed: APR 1 - 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered in the Rosebud County District Court, Sixteenth Judicial District, disposing of the marital property of the parties.

The parties herein were married on November 30, 1948. At the time of the marriage the husband owned a ranch near Ashland, Montana. This ranch was sold after the parties' marriage and the proceeds used to acquire the parties' current ranch property from the wife's parents. The ranch was purchased in the joint names of the parties in 1949. During the marriage the parties worked together on this ranch. In 1952 an additional 172 acres was purchased as an addition to the ranch. A house was built on this property during the same year.

In March 1978 respondent husband petitioned for dissolution of the marriage. The dissolution was granted without contest, but the District Court in its decree reserved the property division for later adjudication. Trial was held on this matter on April 16, 1979. After making findings of fact and conclusions of law, the District Court entered judgment on May 25, 1979, effectively rendering a 60/40 percent split of the marital property, respectively between the husband and wife. From this judgment the wife appeals.

The issues presented to this Court for review are as follows:

1. Did the District Court err in its findings and conclusions that the husband had contributed 60 percent and the wife 40 percent to the accumulated marital assets?

2. Did the District Court err by not giving sufficient weight to the contributions of appellant?

3. Did the District Court err by abusing its discretion in concluding, as a matter of law, the method of purchase of the marital estate, or in failing to allow appellant the benefit of meeting a good faith party purchase offer?

4. Did the District Court err in failing to consider respondent's dissipation of assets?

5. Did the District Court err in failing to award attorney fees to appellant?

The substance of this appeal is whether the District Court abused its discretion in the distribution of the marital estate.

> "It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown. . . The criteria for reviewing the district court's discretion is: Did the district court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances." (Citations omitted.) Zell v. Zell (1977), 172 Mont. 496, 570 P.2d 33, 35.

Appellant contends that it was an abuse of discretion for the District Court to only award her 40 percent of the marital property instead of the one-half interest she sought. She contends that her contributions as a homemaker, as well as ranch hand and handy person, when coupled with respondent's dissipation of marital assets, entitle her to a 50 percent share of the marital property.

> "Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202, MCA. . . Section 40-4-202 is flexible and it vests a good deal of discretion in the District Court . . . We have stated, before and after the adoption of the statute, that each case must be looked at individually, with an eye to its unique circumstances. . ." (Citations omitted.) In Re Marriage of Aanenson (1979), ____ Mont. ___, 598 P.2d 1120, 1123, 36 St.Rep. 1525.

The duty of the District Court is to consider the statutory criteria and equitably apportion the marital assets. To accomplish this, it should consider the duration of the marriage and the age, occupation, amount and sources of income, vocational skills, employability, estate, and the liabilities and needs of each party. In Re Marriage of Aanenson, supra, 598 P.2d at 1123.

We find that the District Court here properly followed the dictates of section 40-4-202, MCA. The findings of a trial judge will not be disturbed on appeal where they are based on substantial though conflicting evidence, unless there is a clear preponderance of evidence against such findings. Cameron v. Cameron (1978), ___ Mont. ___, 587 P.2d 939, 35 St.Rep. 1723. Here, the findings of the District Court are based on substantial evidence and the evidence does not preponderate against them. The District Court, therefore, did not abuse its discretion in apportioning the marital estate.

Appellant's next contention essentially questions the District Court's valuation and method of purchase of the marital property. Appellant seeks to preserve and maintain the family ranch and submits that this Court has approved the desirability of allowing her to do so, most recently in In Re Marriage of Jacobson (1979), ___ Mont. ___, 600 P.2d 1183, 36 St.Rep. 1773. She argues that the District Court's distribution of the marital property and valuation thereof prevent her from purchasing the ranch.

A court in distributing the property of the marriage is to consider the current value of all property acquired during the marriage. Kruse v. Kruse (1978), ___ Mont. ___, 586 P.2d 294, 298, 35 St.Rep. 1502. The District Court did

precisely that here. It accepted testimony, albeit conflicting, as to the current value of the property before concluding the property was worth $566,200. We find that this procedure was not unreasonable.

Appellant is correct that Montana cases have accepted the premise that a ranch or farm should be kept intact and operated as a unit. This policy is reflected in the following decisions involving the disposition of farming and ranching property: In Re Marriage of Jacobson, supra; In Re Marriage of Brown (1978), ___ Mont. ___, 587 P.2d 361, 35 St.Rep. 1733; Biegalke v. Biegalke (1977), 172 Mont. 311, 564 P.2d 987; Hunnewell v. Hunnewell (1972), 160 Mont. 125, 500 P.2d 1198.

> "It must be remembered that the primary right
> to be considered in disposing of marital property
> is the right of each party to an equitable appor-
> tionment of the marital assets. While it is
> the policy of the courts of this state to avoid
> splitting up a ranch or forcing its sale where
> there is any reasonable alternative, that policy,
> however commendable, cannot be used to override
> [a party's] right to an equitable share of the
> marital property." In Re Marriage of Jacobson,
> supra, 600 P.2d at 1187-88.

In the present case both parties were given the option to buy the other's respective share of the ranch provided that the right be exercised within six months of the judgment. Other than this condition, it was left up to the parties to reach their own terms on a purchase. We can find no abuse of discretion in the District Court's methods.

The final contention of appellant is that the District Court erred in failing to award her attorney fees.

Section 40-4-110, MCA, provides:

> "The court from time to time, after considering
> the financial resources of both parties, may
> order a party to pay a reasonable amount for
> the cost to the other party of maintaining or

> defending any proceeding under Chapters 1 and 4
> of this title and for attorney's fees, including
> sums for legal services rendered and costs in-
> curred prior to the commencement of the proceed-
> ing or after entry of judgment . . ."

Here the District Court, after considering the financial resources of both parties, determined that each should bear their own legal costs. It was not an abuse of discretion to do so.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices