No. 81-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

IN RE THE MARRIAGE OF
MYRNA L. MARTENS,

        Petitioner and Respondent,

    -vs-

GENE P. MARTENS,

        Respondent and Appellant.

_____

Appeal from: District Court of the Nineteenth Judicial District,
           In and for the County of Lincoln, The Honorable
           Robert Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Donald L. Shaffer, Libby, Montana

    For Respondent:

        David W. Harman, Libby, Montana

_____

               Submitted on Briefs: September 3, 1981

                       Decided: DEC 10 1981

Filed: DEC 10 1981

_Thomas J. Kearney_
              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the husband, Gene P. Martens, from a marital property distribution decree issued by the District Court of the Nineteenth Judicial District, County of Lincoln, on February 17, 1981, in which the wife received two-thirds of the equity in the main marital asset, the residence, and the husband received one-third. We affirm the District Court's decree.

Myrna and Gene Martens were married for twenty-one years. Myrna Martens is thirty-eight years old and employed as a mill worker. Gene Martens is thirty-seven years old and presently unemployed. The one child of the marriage has attained the age of majority.

On August 28, 1980, Myrna Martens filed a petition for dissolution of marriage. A trial was held on the issue of property distribution on December 11, 1980. All of the marital assets except for the residence were distributed by the District Court in accordance with agreements made by the parties.

With respect to the distribution of the main marital asset, the residence, the District Court made the following finding of fact and conclusion of law:

> "That the marriage is of approximately 21 years duration; during that period of time both Parties have worked and contributed to the family welfare. In addition, the Petitioner has been the person responsible for the family home. That at the present time the wife has a larger income; however, she has such larger income because the Respondent simply does not wish to work at his previous employment. The wife wishes to keep and maintain the family home as a dwelling for herself and it would appear that this is the most economical direction in which to proceed. Wife does have a retirement program with her employer but the same type of employment was available to Respondent

before he quit. In order for wife to maintain something approaching her previous life style it is desirable that she maintain the family home; on the other hand, Respondent has indicated little desirability on his part to maintain such standard of living." Finding of Fact No. 5.

"That the equity in the house, being $24,222.77, should be divided 2/3 to the Petitioner and 1/3 to the Respondent. In the event that the Petitioner should sell said house, remarry, and any way assign or alienate her interest therein, within five years of this date, she shall pay to the Respondent $8,074.36 plus interest thereon at the rate of 6% from this date to such date; at the end of five years, and in the event none of the foregoing conditions happen, then the Petitioner shall pay to the Respondent his full value of equity set forth, aforegoing, plus interest upon such amount from this date at the rate of 6% per annum." Conclusion of Law No. 2.

The husband appeals the unequal distribution of the equity in the house and presents three issues for review:

1. Whether the finding of facts made with respect to the distribution of the equity in the house conform to the evidence presented at trial.

2. Whether the District Court failed to follow the mandatory considerations of section 40-4-202, MCA, and thereby abused its discretion.

3. Whether the District Court erred by awarding 6% interest on the wife's payment of equity in the house to the husband.

Appellant was laid off work in August 1980. At that time he went to eastern Montana and obtained a job working in the oil fields for about thirty days. Appellant testified at trial that he has had problems with his knee that have hindered his ability to do physical work. Appellant was recalled to his work as a lift truck driver at a lumber mill in St. Regis but testified that he cannot return to

this work because of knee problems.

Based on the above evidence, the District Court found that appellant "simply does not wish to work at his previous employment." Appellant contends such a finding is reversible error since it is not supported by the record.

Appellant raises this contention of error in order to contest the unequal distribution of the equity in the residence. The question here, then, is whether the District Court abused its discretion by distributing the equity in the residence unequally, in light of the undisputed testimony of the husband that his ability to do physical work has been hindered by knee problems and in light of the District Court finding that the husband simply does not wish to work.

The criteria for reviewing the District Court's discretion is: "Did the district court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all circumstances." Owen v. Owen (1980), _____ Mont. _____, 609 P.2d 292, 294, 37 St.Rep. 616.

In exercising its discretion to distribute the marital property equitably, the District Court has the duty to consider the following factors: the duration of the marriage; the age, occupation, amount and sources of income, vocational skills, employability, and estate of the parties; and the liabilities and needs of the parties. Section 40-4-202, MCA; In Re Marriage of Aanenson (1979), _____ Mont. _____, 598 P.2d 1120, 1123, 36 St.Rep. 1525; Owen, 609 P.2d at 294.

The appellant contends that under Vert v. Vert (1980), _____ Mont. _____, 613 P.2d 1020, 37 St.Rep. 1282, the

District Court must conform its findings of facts to the evidence. According to the appellant, the District Court made no attempt to conform its findings of facts to the evidence presented and thereby abused its discretion. Appellant's contention is not supported by the record.

The finding that the appellant simply does not wish to work conforms to the record in that appellant did receive a recall notice to return to his work at the mill. The District Court did not believe that the appellant's knee problems were so great that he could not work.

The record supports the findings by the District Court that the wife has been the person responsible for the family home. She was solely responsible for the payments on the home after the husband left for eastern Montana and made all of the house payments from August 1980 to the time of trial in December 1980. The wife testified at trial that she wishes to keep and maintain the family home. The record does not reflect such a desire on the part of the appellant.

The finding by the District Court that appellant did not wish to work does not indicate that the District Court arbitrarily or inequitably awarded an unequal distribution of the equity in the house, since the finding has little, if any, importance in determining how the equity in the residence should be distributed. The distribution of the equity in the house was based on the wife's acceptance of responsibility for it in the months prior to trial, her ability to continue this responsibility, and her desire to continue to do so when the husband did not express such a desire. In light of these considerations, we cannot say that the District Court abused its discretion by dividing

the equity in the house unequally.

Moreover, we have noted in a number of cases that mere unequal distribution of marital assets does not suggest that the District Court abused its discretion by failing to apply properly the factors of section 40-4-202, MCA. In Owen, supra, we noted:

> "'Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202, MCA . . . Section 40-4-202 is flexible and it vests a good deal of discretion in the District Court . . . We have stated, before and after the adoption of the statute, that each case must be looked at individually, with an eye to its unique circumstances . . .' (Citations omitted.) In Re Marriage of Aanenson (1979), ___ Mont. ___, 598 P.2d 1120, 1123, 36 St.Rep. 1525." 609 P.2d at 294.

In light of the substantial evidence supporting the unequal distribution of the equity in the residence, the District Court's distribution must stand.

The appellant contends next that the District Court erred by allowing the wife to pay 6% interest on her payments to him for his share of the equity in the house. The appellant argues that section 25-9-205, MCA, provides that interest on a judgment is payable at 10% per annum and that Williams v. Budke (1980), ___ Mont. ___, 606 P.2d 515, 37 St.Rep. 228, allowed the 10% rate where the decree was silent on interest.

Although section 25-9-205, MCA, has been applied to judgments arising out of a marital dissolution decree, this section has been applied only when the decree is silent as to interest.

Here the decree is not silent as to interest. In Williams, we acknowledged that certain cases may arise where

it is equitable and within its discretion for the District Court to expressly allow no interest on installment payments. Clearly, Williams did not stand for the proposition that a 10% interest rate must be paid on all marital dissolution judgments. Where it is equitable for the District Court to award a lower rate, it is within the discretionary power to do so. Here, it cannot be said that the District Court abused its discretion by setting the interest rate at 6% per annum.

The wife has made a request for attorney fees under Rule 32, M.R.App.Civ.P., claiming the appeal here was frivolous. Where there is a reasonable ground for appeal, a respondent is not entitled to recover damages under Rule 32, M.R.App.Civ.P. Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 577 P.2d 55, 59. Here the question of the District Court's abuse of discretion was reasonably in issue and the respondent's request for attorney fees on appeal must be denied.

Having found no abuse of discretion, the property distribution decree of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices