638 P.2d 1390

STATE of Idaho, Plaintiff-Respondent,

v.

Gilberto GONZALES,
Defendant-Appellant.

No. 13969.

Supreme Court of Idaho.

Dec. 29, 1981.

Douglas Whipple, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Gilberto Gonzales appeals from a sentence imposed following acceptance of a plea of guilty to the crime of delivery of a controlled substance, namely, heroin. Pursuant to I.C. § 37–2732(a)(1)(A), the district court sentenced the appellant to the custody of the Idaho State Board of Corrections for an indeterminate period of time not to exceed eight years, less twenty-four days credit for time served prior to judgment. Appellant's sole issue presented on appeal is whether the sentence imposed is unduly harsh and amounts to an abuse of the trial court's discretion.

The maximum sentence for a violation of I.C. § 37–2732(a)(1)(A) is imprisonment for a term of years not to exceed life imprisonment and/or a fine not to exceed $25,000. The appellant was sentenced to a period of time not to exceed eight years, without a fine. The sentence is well within the limits set by the legislature for punishment for the crime of which the appellant was convicted. However, the appellant contends that the district court abused its discretion in sentencing him to eight years imprisonment after being presented with evidence of the circumstances under which he became involved in the delivery and selling of heroin, his lack of a prior record and his good reputation in the community, his commitment to avoid future involvement in the trafficking of heroin, the testimony of the one character witness called to the effect that the appellant was a good candidate for rehabilitation, and the detrimental effects of incarceration on his family.

Arguably there is evidence in the record supporting mitigation of punishment. However, the court cannot ignore the singular fact that the appellant was convicted of the crime of selling heroin. As the court noted in the analogous case of *State v. Ogata*, 95 Idaho 309, 312, 508 P.2d 141, 144 (1973), "[t]he sale or 'pushing' of narcotics is

a serious offense. It is not a victimless crime, but one that contributes to the debilitation of the unfortunate purchasers." As in *Ogata*, the record discloses that the appellant was selling heroin of extreme purity, similarly posing the threat of death by overdose to the unwary. Moreover, regardless of the circumstances leading to the appellant's involvement in the trafficking of heroin, the record adequately reflects his intentional involvement in such criminal activity, an involvement which was more extensive than the single transaction before this court. Under these circumstances, we are not persuaded that it was an abuse of discretion for the district court to sentence the appellant to an indeterminate term not to exceed eight years in prison for selling heroin. *State v. Ott*, 102 Idaho 169, 627 P.2d 798 (1981); *State v. Bradac*, 101 Idaho 240, 611 P.2d 1025 (1980); *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979).

The sentence is affirmed.

BAKES, C. J., and DONALDSON and SHEPARD, JJ., concur.

BISTLINE, Justice, dissenting.

While I tend to agree with the rationale of the Court's disposition, upon further consideration of *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973), which case is heavily but properly relied upon in the Court's opinion, I am brought to the conclusion that appellant's sentence should be brought somewhat in line with the two year sentence meted out in *Ogata*, and upheld on appeal. This Court has identified the primary purposes of criminal punishment as (1) protection of society, (2) deterrence, both of the individual and of other potential lawbreakers, (3) rehabilitation, and (4) retribution. *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). *See* Idaho Judges Sentencing Manual § 1.2 (rev. 1981). The protection of society is necessarily assured when the rehabilitative or deterrent goals are achieved.

Appellant, a totally uneducated United States citizen of Mexican descent, who must be turned from dealing in the drug traffic, should benefit in terms of rehabilitation as well from four (4) years in the penitentiary as from an eight (8) year term, if he is to benefit at all. His only prior offenses involved driving while intoxicated, and certainly do not indicate that he is unreceptive to rehabilitative efforts. As for deterrence to others, a four year term, twice that handed to Ogata for his similar offense, should suffice. *See State v. West*, Idaho, 633 P.2d 1140, 1142 (1981) (Bistline, J., dissenting). I would reduce the sentence to three and one-half years. As for punishment, I do not think that anyone would seriously contend that incarcerating appellant in the state prison for three and one-half years, during which time he is separated from his family, is not adequate.