644 P.2d 376

STATE of Idaho, Plaintiff-Respondent,

v.

Juan SALINAS, Juan Cavozos, Defendants,

v.

Gilbert GONZALES, Defendant-Appellant.

No. 14006.

Court of Appeals of Idaho.

April 20, 1982.

Robert I. Fallowfield, Luboviski, Wygle & Fallowfield, Ketchum, for defendant-appellant.

David H. Leroy, Atty. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Upon a plea of guilty, Gilbert Gonzales was convicted of delivering heroin, a controlled substance, under I.C. § 37–2732. At the time of sentencing, the district court was informed that Gonzales recently had been convicted of a similar offense in another county and sentenced to the custody of the Board of Correction for an indeterminate period not exceeding eight years. The district court imposed an identical sentence in the instant case.

On appeal Gonzales argues that the district court abdicated the proper exercise of its discretion by replicating the sentence imposed in the other case. He also contends that the sentence was unduly harsh because the court did not retain jurisdiction for 120 days. We affirm the sentence imposed.

At the outset, we note that the sentence imposed in the companion case has been sustained on appeal by our Supreme Court. *See State v. Gonzales,* 102 Idaho 701, 638 P.2d 1390 (1981). In that case the reporter's record contained thirty-one transcribed pages of colloquy between Gonzales and the judge regarding the circumstances of the offense and Gonzales' decision to plead guilty. The record also contained twenty-one transcribed pages of colloquy concerning the penalty to be imposed. From that record, the factors weighed by the judge in his sentencing decision were discernible.

In the present case the reporter's record consists of three transcribed pages. This transcript discloses no explanation by the district judge of the particular factors considered in his sentencing decision. The record contains only the judge's remarks that he had considered the criteria mentioned in I.C. § 19–2521 and that he regarded the sentence imposed in the companion case as "fair." It does not appear that any part of the record in the other case was incorporated into the record of this case. Thus, we have a paucity of information as to the reasons for the sentence imposed.

██ Sentencing is within the discretion of the trial court. *E.g., State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979); *State v. Wolf,* 102 Idaho 4, 640 P.2d 1190 (Ct.App. 1982). Because an identical sentence in the companion case has been upheld on appeal, we feel constrained to hold that the sentence in this case was within the district court's discretion. We are similarly constrained to hold that the court's refusal to retain jurisdiction for 120 days did not constitute an abuse of discretion. The record discloses that the district court considered this possibility, but decided that retention of jurisdiction would be meaningless in view of the other sentence.

██ We note that were there no companion case, the result here may not have been so evident. Rule 33 of the Idaho Criminal Rules and the Idaho Judges' Sentencing Manual are silent as to whether a district

judge must state reasons for a sentencing decision, except where capital punishment is imposed or judgment is withheld. However, the practice of stating reasons for a sentence is encouraged by the American Bar Association in its Standards Relating to Sentencing Alternatives and Procedures § 5.6 (1968), and its Standards Relating to Appellate Review of Sentences § 2.3(c) (1968). This practice is of significant value to an appellate court reviewing the sentence. It may provide important information for correction authorities. In addition, it may have a therapeutic effect upon defendants and enhance the rationality of the sentencing process. Standards Relating to Appellate Review of Sentences, § 2.3, comment e (1968).

Moreover, I.C. § 19–2521 prescribes criteria for choosing between the alternatives of probation and imprisonment. These criteria are intended to guide the sound exercise of sentencing discretion. In order for these criteria to provide meaningful assistance in appellate review, we urge district judges to identify on the record the particular reasons for their sentencing decisions. A mere recital that the statutory criteria have been considered, while not fatal to the result in this case, would be inadequate in other circumstances.

The sentence imposed by the district court in this case is affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.