No. 82-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF:

LOUIE ARTHUR GAUTHIER,

                    Petitioner and Respondent,

    and

MARY E. H. GAUTHIER,

                    Respondent and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable Jack Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Ferguson & Mitchell, Missoula, Montana

    For Respondent:

        Datsopoulos, MacDonald & Lind, Missoula, Montana

---

                    Submitted on briefs: September 23, 1982

                          Decided: December 2, 1982

Filed:  DEC - 2 1982

_____
            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Mary E. H. Gauthier (wife) from a decree of dissolution issued by the Fourth Judicial District, Missoula County, dissolving the marriage of the parties and dividing their property.

The parties were married on May 6, 1967 and were granted a dissolution on December 31, 1981, after 14 years of marriage. It was the second marriage for each party. The wife's first marriage ended in the death of her husband and the husband's first marriage ended in dissolution. Each party had five children at the date of their marriage but no children were born of this marriage.

At the time of the dissolution the wife was 51 years old. She had been a wife and homemaker. Before the marriage she owned a 240 acre ranch in Lake County, Montana. During the marriage, it was sold in two separate parcels. Parcel A was sold in 1970 for $16,000 of which $14,000 went toward a downpayment on the couple's new home and $2,000 to the underlying contract on parcel B. Parcel B was sold in 1973 for $100,000, $10,000 lump sum payments were made from 1973 to 1976 the balance at $4,000, plus interest annually until 1993. Approximately $36,000 remained as principle as of the date of the decree.

Throughout the marriage the wife received monthly Social Security payments averaging $350, for four of her children who were living with the couple. These payments were terminated shortly before the dissolution. Once the wife reaches the age of 62 she may be eligible to receive Social Security benefits from her deceased husband.

During the marriage the parties were partners in Lou's H & H Custom Meats in Missoula. The wife working wrapping meat, waiting on customers, keeping books and performing miscellaneous chores at their place of business. She was paid a salary for her labors and testified that her salary went to buy groceries and clothing for the members of the household. In 1979, she wrote herself a check from Lou's H & H for wages and supplies she had purchased for the business. At this time, she discontinued working at Lou's H & H. Soon thereafter, the operation was changed from a partnership to a sole proprietorship.

The wife also assisted in race horse training and a racing business in which she and her husband were collaterally engaged. In 1980, she had a gross income of $11,000, however, she sustained a loss due to the expense of race horse care and training.

The couple was separated before the dissolution. During this period the wife took out personal loans for living expenses.

Louie Gauthier (husband) was 60 years old at the time of the dissolution. He came into the marriage without assets. Before buying H & H Custom Meats in 1979, he was employed as a meat cutter with John R. Daily's, Buttrey's and Mike's I.G.A. for a combined period of about 42 years. He worked as a meatcutter throughout the marriage. His 1980 income from Lou's H & H was $8,798. He also received a monthly union pension of $118 per month, which will continue. As an enrolled member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation he is entitled to benefits including annual per capita payments and a lease on 2 1/2 acres of Flathead Lake frontage on White Swan Point.

Lou's H & H is located in a rented building and the

business owns only one asset, a 1972 Ford pickup valued at between $500 and $600. The husband testified that he would soon be relinquishing his interest in the business for health reasons.

The only major asset of the marriage was a house, purchased, in 1969, located in Missoula. The wife provided the downpayment from the sale of her land and provided the furniture for the home. The husband paid the monthly mortgage installment of $249.50, utilities and taxes. The couple both contributed to the care and maintenance of the home.

The District Court decreed that each party receive their own personal property and the husband receive all the interest in Lou's H & H. The court directed a horse trailer and walker acquired by the parties be sold and the proceeds divided equally.

The Court also recognized the wife's contribution of the downpayment on the house and in recognition of the husband's superior income-producing ability the Court ordered that:

> "The jointly owned real property located at
> 2818 West Central, Missoula, Montana, shall
> be sold. The underlying Contract for Deed
> shall either be assumed by the buyer or paid
> at the time of sale. The Respondent [wife]
> shall receive the first $15,000 of the net
> proceeds of the sale. The remaining net proceeds
> shall be distributed as follows: Two-thirds
> (2/3) to the Respondent (wife) and one-third
> (1/3) to the Petitioner (husband).

> "The Respondent [wife] shall be entitled
> to the furniture and effects located in
> the home."

If the house is sold at its appraised value, the wife will receive $15,000 downpayment, $24,400 as 2/3 the equity in the house and the husband would receive $12,200 as 1/3 of

-4-

the equity in the house.

The Court also ordered that after the sale of the house the husband is to pay the wife $100 per month until her death or remarriage.

The wife appealed the distribution and maintenance contending that they are inequitable in light of her contributions and her husband's superior income producing abilities. She also appeals the District Court's unsubstantiated denial of her requested attorney's fees.

We affirm the decree of the District Court with regard to the property distribution and monthly payments and remand the case to the District Court for substantiation of the denial of attorney's fees to the wife.

The issues are:

1. Whether the District Court equitably distributed the parties' marital assets and awarded adequate maintenance.

2. Whether the District Court's order directing each party to pay his or her own attorney's fees was adequately substantiated.

With regard to the first issue section 40-4-202, MCA, governs the distribution of marital assets and section 40-4-203, MCA, governs the maintenance award.

The standard for reviewing the property division in a dissolution decreed by a District Court is well settled in Montana. The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice. In re Marriage of Brown (1978), 179 Mont. 417, 422, 587 P.2d 361, 364; In re Marriage of Blair (1978), 178

-5-

Mont. 220, 223-4, 583 P.2d 403, 405; Vivian v. Vivian (1978), 178 Mont. 341, 583 P.2d 1072, 1074. In re the Marriage of Schultz (1982), ___ Mont. ___, ___ P.2d ___, 39 St.Rep. 1435, 1439. The District Court must consider the statutory criteria and equitably apportion the marital assets. Each case must be looked at individually with an eye to its unique circumstances. Schultz, 39 St.Rep. 1435, 1440.

In addition, section 40-4-202, MCA, calls for an equitable division of the marital estate by the court regardless of however or whenever acquired or in whose name the property is held. In re the Marriage of Houtchens (1979), 181 Mont. 70, 73, 592 P.2d 158, 160; Schultz, 39 St.Rep. 1435, 1440.

There appears to be no abuse of discretion with regard to the division of the marital property. The District Court heard evidence on all factors outlined in section 40-4-202, MCA, and divided the property accordingly, giving reasons for the division in the findings of fact and conclusions of law.

The standard of review of maintenance awards is whether the District Court abused its discretion when evaluating and allowing or disallowing maintenance. In re the Marriage of Knudson (1981), ___ Mont. ___, 622 P.2d 1025, 1027, 37 St.Rep. 147, 152. The District Court, after hearing the evidence, applied the factors set forth in the statute and referred to them in the findings of fact and conclusions of law. The District Court did not abuse its discretion in distributing the property and awarding maintenance.

The second issue is whether the District Court properly disallowed the award of attorney's fees.

The District Court summarily denied the wife's request for attorney's fees. The request was supported by evidence

presented by the wife at trial.

This Court has held that when the District Court refuses to award attorney's fees, it must indicate in the findings of fact why such fees were not awarded. Bowman v. Bowman (1981), ___ Mont. ___, 633 P.2d 1198, 1202, 38 St.Rep. 1515, 1520. The District Court failed to follow this procedure. The attorney's fees requested by the wife should be considered on remand, and if denied, the denial must be substantiated.

The decree of the District Court is affirmed except with regard to the unsubstantiated denial of attorney's fees. This cause is remanded to the District Court for amendment of the judgment in accordance with this opinion.

_John C. Sheehy_
Justice

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_Frank B. Morrison_
Justices

-7-