No. 82-337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

RUTH CATHERINE CHAPIN,

            Petitioner and Respondent,

      -vs-

ROBERT LAWRENCE CHAPIN,

            Respondent and Appellant.

Appeal from:  District Court of the Nineteenth Judicial District,
              In and for the County of Lincoln, The Honorable
              Robert M. Holter, Judge presiding.

Counsel of Record:

      For Appellant:

            Donald L. Shaffer, Libby, Montana

      For Respondent:

            Scott B. Spencer; Sverdrup & Buyske, Libby,
            Montana

                              Submitted on Briefs:  November 24, 1982

                                          Decided:  December 29, 1982

Filed:   DEC 29 1982

_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Robert Chapin (husband) from a decree of dissolution issued by the Nineteenth Judicial District, Lincoln County, dissolving the marriage of the parties, dividing their property and awarding the wife an adjustment allowance and attorney's fees. We affirm the decree of the District Court.

The parties were married in 1975 and no children were born of the marriage.

At the time of the dissolution, the District Court found that Ruth Chapin (wife) was 38 years old and that although she had several minimum wage jobs during the marriage, she was primarily a wife and homemaker. She was employed as a cook's helper at the time of the dissolution and received total earnings of $50 per week. At this same time the husband was employed by Rosaur's and received $269 per week. His employer is required to deduct $50 per month from his earnings for child support arising from a previous marriage.

The District Court divided the property owned by the parties and awarded the wife what it called an "adjustment allowance" of $150 per month for two years. The court ordered the husband to pay the debts of the marriage and the wife's attorney's fees of $400.

The issues are:

1. Whether the District Court abused its discretion when it awarded the wife an adjustment allowance.

2. Whether the District Court improperly awarded the wife's attorney's fees.

The husband argues that the "adjustment allowance" is improper because this Court does not use the term when defining maintenance and that the District Court abused its discretion when it made the award to the wife without sufficiently substantiating the allowance.

2

This Court has determined that maintenance is related to the needs of the spouse receiving it and is subject to modification. Maintenance can only be had after there is an equitable division of the marital estate. Johnsrud v. Johnsrud (1977), 175 Mont. 117, 572 P.2d 902.

Here, the Court equitably divided the marital estate and the needs of the spouse were taken into consideration. Maintenance by any other name is still maintenance.

When determining whether maintenance is proper the District Court must consider the factors set forth in section 40-4-203, MCA. The standard of review of maintenance awards is whether the District Court abused its discretion when evaluating and allowing or disallowing maintenance. In re the Marriage of Knudson (1981), ____ Mont. ___, 622 P.2d 1025, 1026, 37 St.Rep. 147, 152; In re the Marriage of Gauthier (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 2137.

The District Court, after hearing the evidence, evaluated the factors set forth in the statute when it determined the propriety of the award and found that:

> "The Petitioner (wife) would ask for permanent support. Based upon the living style of the parties, the short duration of the marriage, the dissipation of the few assets, and the employment experience and opportunities available to both parties, such permanent support is unreasonable. Rather, the Respondent (husband) should assist Petitioner (wife) for a period of two years and in the amount of $150.00 per month . . ."

This Court holds that the award is proper and that the District Court did not abuse its discretion when it set the amount of the award.

The second issue is whether the District Court improperly awarded attorney's fees.

The husband contends that the District Court abused its discretion in awarding the wife attorney's fees, pursuant to section 40-4-110, MCA, because the court did not have an evidentiary hearing on the matter as required by Phennicie v. Phennicie (1979), ____ Mont. ____, 604 P.2d 787,

3

791, 36 St.Rep. 2378, 2383, citing Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 120, 541 P.2d 56, 59.

The District Court awarded the wife $400 in attorney's fees. This award approaches de minimus. If we reverse on this issue the cost to the parties could easily exceed the initial sum awarded. For these reasons, the award of attorney's fees will not be disturbed.

The decree of the District Court is affirmed in all respects.

John C. Sheehy
                                                Justice

We Concur:

Gene B. Daly

Daniel J. Shea

Justices