No. 83-53

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN RE THE MARRIAGE OF

VALLINA RUTH HOLSTON,

Petitioner and Respondent,

-vs-

ROBERT BRUCE HOLSTON, JR.,

Respondent and Appellant.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert C. Sykes, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patrick M. Springer, Kalispell, Montana

For Respondent:

James D. Moore, Kalispell, Montana

_____

Submitted on Briefs: June 30, 1983

Decided: September 2, 1983

Filed: SEP 2 - 1983

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Robert Holston appeals the Flathead County District Court's property distribution pursuant to his dissolution of marriage. We affirm.

Robert Bruce Holston and Vallina Ruth Holston were married on May 21, 1970, and lived together as husband and wife until approximately April 1981. Two children were born as issue of this marriage.

Both parties are teachers. The wife is presently working in Montana, and the husband is working in Alaska. During the marriage Robert held various part time positions in addition to teaching and both husband and wife were involved in the entertainment business. On July 2, 1981, Vallina filed a petition for dissolution. The marriage was dissolved orally by the District Court on January 5, 1982, then by order on March 5, 1982. Custody of the minor children was granted to Vallina and Robert was ordered to pay $150 per month per child for their support.

In its findings of fact and conclusions of law, the District Court found that the value of the marital personal property was $12,198 and awarded Vallina a portion thereof valued at $8,345. Robert was awarded the remaining personal property valued at $3,853. The net value of the residence was $38,058. The parties also owned three rental houses which were valued at $39,155. Vallina was awarded the residence and Robert was awarded the rental units. Vallina paid all marital debts; thus, Robert was ordered to reimburse her for one-half thereof. This amount was set off against an amount Vallina owed Robert.

2

Robert appeals the property distribution and raises two issues for our consideration:

1. Did the District Court abuse its discretion by failing to include all marital assets in the marital estate?

2. Did the District Court abuse its discretion in apportioning the marital estate?

Robert first argues that the District Court abused its discretion by not including Vallina's retirement benefits in the marital estate. The District Court further abused its discretion by not considering his nonmonetary contributions to the real property, thereby diminishing the value of his portion of the marital estate.

Vallina first asserts that no testimony was offered with respect to her retirement fund; hence the District Court was correct in not including it in the marital estate. Second, she asserts that Robert's nonmonetary contributions outside the home placed a greater homemaking and child care burden on her while she maintained full time employment, thereby offsetting Robert's nonmonetary contributions.

The standard for reviewing the property division in a dissolution decree is well settled in Montana. The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice. In re the Marriage of Schultz (1982), ___ Mont. ___, 649 P.2d 1268, 1271, 39 St.Rep. 1435, 1439; In re Marriage of Brown (1978), 179 Mont. 417, 422, 587 P.2d 361, 364; In re Marriage of Blair (1978), 178 Mont. 220, 223-224, 583 P.2d 403, 405; Vivian v. Vivian (1978), 178 Mont. 341, 343-344, 583 P.2d 1072, 1074. Abuse of discretion is further

3

indicated by a trial court's arbitrary action without employment of conscientious judgment or in excess of the bounds of reason resulting in substantial injustice. In re Marriage of Martens (1981), ___ Mont. ___, 637 P.2d 523, 38 St.Rep.2135; In re Marriage of Creon (1981), ___ Mont. ___, 635 P.2d 1308, 38 St.Rep. 1828.

In addition, section 40-4-202, MCA, calls for an equitable division of the marital estate by the court regardless of however or whenever acquired or in whose name the property is held. In re the Marriage of Houtchens (1979), 181 Mont. 70, 73, 592 P.2d 158, 160; Schultz, 649 P.2d at 1272, 39 St.Rep. at 1440. Retirement benefits are properly included within the marital estate and are subject to this apportionment. Kis v. Kis (1982), ___ Mont. ___, 639 P.2d 1151, 39 St.Rep. 119.

Also, nonmonetary contributions in the form of maintaining and improving property can be considered in ascertaining and apportioning the marital estate. Section 40-4-202(1)(b), MCA. This Court has recognized that such contributions affect the marital estate. In re Marriage of Sell (1981), ___ Mont. ___, 630 P.2d 222, 38 St.Rep. 950; Nunnally v. Nunnally (1981), ___ Mont. ___, 625 P.2d 1159, 38 St.Rep 529.

Robert asserts that since his retirement benefits were withdrawn to purchase one of the rental houses and such houses were part of the marital estate, Vallina's retirement benefits should also be part of the estate. We hold the District Court did not abuse its discretion by not including the wife's retirement benefits in the marital estate simply because no evidence regarding the benefits was presented at trial. In Karr v. Karr (1981), ___ Mont. ___, 628 P.2d 267,

4

38 St.Rep. 506, the husband argued that certain personal property should have been included in the marital estate. This Court held that the District Court was correct in not including the property because the parties had entered into a personal property division agreement and, like this case, no evidence was adduced at trial with respect to such property.

Furthermore, we reject Robert's contention that his nonmonetary contributions were not considered in determining the marital estate. His labor contributed to the value of the marital real property and this is reflected in the total appraised value of the property; hence, such contributions were part of the estate. In another context, we find that Robert's nonmonetary contributions caused him to be away from his home and family maintenance duties. This increased the burden on Vallina to provide such services which would offset the increased contributions of Robert.

Robert also contends that the District Court abused its discretion in apportioning the marital estate. While the findings and conclusions here do not expressly designate a basis for the District Court judgment, we cannot find that there was an abuse of discretion as a substantially equal apportionment of the marital property was ordered. An abuse of discretion is manifested by a substantially inequitable division of the marital estate. Brown, supra; Blair, supra; Vivian, supra; Schultz, supra. Here, the District Court awarded Vallina the residence and a portion of the personal property valued at $46,403, and Robert was awarded the rental units and personal property valued at $43,008. The wife paid marital debts of $2,225.37. The wife was ordered to pay husband $587.23. From these facts, it appears the value of the wife's portion of the marital estate is substantially

5

equal to the husband's and does not in and of itself indicate an abuse of discretion.

Moreover, the husband does not specifically allege why this apportionment resulted in substantial injustice to him. In light of the substantially equal distribution of property, Robert argues that the District Court abused its discretion in apportioning the estate. We cannot overturn an equal distribution of marital property on that basis alone without some indication of unreasonableness or lack of employment of conscientious judgment.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6