MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
This Court recently stated in Holston v. Holston (Mont. 1983), [205 Mont. 470,] 668 P.2d 1048, 1050, 40 St.Rep. 1435, 1436:
“The standard for reviewing the property division in a dissolution decree is well settled in Montana. The apportionment made by the district court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of marital assets resulting in a substantial injustice. (Citations omitted.) Abuse of discretion is further indicated by a trial court’s arbitrary action without employment of conscientious judgment or in excess of the bounds of reason resulting in substantial injustice. (Citations omitted.)” (Emphasis added.)
At the pre-trial conference, both parties agreed that the special master should determine the financial condition of each party as of the date of final judgment. Obviously, such *382 information was intended for consideration by the judge in evaluating the parties’ respective abilities to pay or need for additional funds.
The trial judge’s findings indicate that he considered all financial aspects of the ranching operation, tax considerations, the prior distributions of property to the wife, her improving financial situation, the health status of both parties and the husband’s custody obligation of the son.
In my view, the trial judge did not commit a “clear abuse of discretion as manifested by a substantially inequitable division of marital assets resulting in a substantial injustice.”
I would affirm the judgment of the trial court.