680 P.2d 868 (1984)
106 Idaho 868
The STATE of Idaho, Plaintiff-Respondent,
v.
John E. BOWMAN, Defendant-Appellant.
No. 15102.
Court of Appeals of Idaho.
April 27, 1984.
Laird B. Stone, Ada County Deputy Public Defender, Boise, for defendant-appellant.
Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.
PER CURIAM.
Upon a guilty plea, John Bowman was convicted of grand theft and sentenced to an indeterminate three-year term. On appeal he argues that the sentence was excessive, and he asks us to "review the overall record to determine if the appropriate standard for the acceptance of a guilty plea was followed." We affirm the judgment of conviction and the sentence.
The question concerning Bowman's guilty plea is raised for the first time on appeal. The record shows no attempt to withdraw, or to seek relief from, the plea below. Moreover, the question is raised without identifying any particular error in acceptance of the plea. As stated in State v. Crawford, 104 Idaho 840, 663 P.2d 1142 (Ct.App. 1983), we will not search a trial record for unspecified errors. See also State v. Smoot, 99 Idaho 855, 590 P.2d 1001 (1978). We decline to address the guilty plea question.
We turn to the sentencing issue. Bowman argues that he should have not have been sentenced to confinement, but should have been placed on probation, because he had been a productive member of society. We disagree. Bowman's crime consisted of stealing items on a regular basis from a store where he was employed as a nighttime janitor. The presentence report disclosed that he had been convicted previously of four felonies and six misdemeanors. Three different times he had been placed on probation. The district judge in this case considered his record and felt that "some incarceration is due."
The judge's determination is consistent with the criteria set forth in I.C. § 19-2521, governing the choice between incarceration and probation. A decision to deny probation will not be reversed absent an abuse of discretion. State v. Salinas, 103 Idaho 54, 644 P.2d 376 (Ct.App. 1982). We find no such abuse here.
Similarly, we will not alter the length of a sentence of confinement unless discretion has been abused. The district judge noted that the three-year indeterminate sentence was "a very minimum time." Bowman could have received up to a fourteen-year sentence. I.C. § 18-2408 (1981). We have examined the full record and have considered the sentence review criteria *869 enunciated in State v. Toohill, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). We hold that the three-year indeterminate sentence did not represent an abuse of discretion.
The judgment of conviction and sentence are affirmed.