No. 02-302

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 344N

INTERNATIONAL PAPER COMPANY,

Plaintiff and Respondent,

v.

RICHARD N. FRAME,

Defendant and Appellant,

and

B. A. KENNEDY, and JULIE KENNEDY, Individually,
and d/b/a KENNEDY SPECIALTY LUMBER,

Defendants.

FILED

DEC 27 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark
                Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Richard N. Frame, Pro Se, Canyon Creek, Montana

        For Respondent:

            Charles W. Hingle, Petersen, Jones, Hingle & Sterup, Billings, Montana

                                    Submitted on Briefs: October 24, 2002

                                    Decided:  December 27, 2002

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant, Richard N. Frame (Frame) appeals the First Judicial District Court's Order denying his motion for a new trial. We affirm.

¶3 The sole issue presented on appeal is whether the District Court erred in determining it lacked jurisdiction to grant Frame's Motion for New Trial, Rehearing, or Reconsideration on the merits of a foreign judgment.

## Background

¶4 This appeal comes before this Court with a long history of litigation involving Frame and International Paper Company (IPC). In 1998, IPC filed a civil suit in Texas Federal District Court against Frame and two others, alleging fraud, breach of fiduciary duty, common law and statutory theft, civil conspiracy and injunctive relief. In 2001, a jury was impaneled and trial was scheduled to begin. Four days before trial, Frame fired his lawyers and moved for a continuance, which the Texas court denied. Consequently, Frame defended himself *pro se* at trial. At its conclusion, the Texas jury entered a sizable verdict in IPC's

2

favor against Frame. IPC subsequently moved for and was awarded over one million dollars in attorney fees and costs.

¶5 Frame subsequently filed *pro se* motions under Rules 59 and 60, F.R.Civ.P., and requested that the Texas Court alter or dismiss the judgment or set aside the jury verdict and grant a new trial. The Texas Court denied his motions. Frame then appealed to the United States Fifth Circuit Court of Appeals. Frame did not, however, request a stay of execution, nor did he file a supersedeas bond.

¶6 IPC moved for, and was granted, authority to immediately register the judgment in the District of Montana. The judgment was then registered with the Clerk of the United States District Court for the District of Montana. An Affidavit in Support of Filing a Foreign Judgment was subsequently filed with the Lewis and Clark County Clerk of Court as provided in the Montana Uniform Enforcement of Foreign Judgments Act (UEFJA), §§ 25-9-501 through 25-9-508, MCA. In accordance with routine practices, the filing was assigned a miscellaneous court number by the Lewis and Clark County Clerk of Court. A copy of the Affidavit was mailed to Frame that same day by certified mail. Frame then filed a motion for a new trial with the Montana First Judicial District Court. The District Court summarily denied Frame's Motion for New Trial, concluding that the "[c]ourt has no jurisdiction to provide the relief requested." Frame appeals the denial of his motion for a new trial.

Discussion

¶7 The Montana Uniform Enforcement of Foreign Judgments Act was enacted to implement the Full Faith and Credit Clause of the United States Constitution, and it provides the procedural framework for enforcing foreign judgments in the states that have enacted it. *See Carr v. Bett*, 1998 MT 266, ¶ 41, 291 Mont. 326, ¶ 41, 970 P.2d 1017, ¶ 41. The UEFJA's purpose is to "facilitate interstate enforcements of judgments by providing a summary procedure by which a judgment creditor may enforce judgment in an expeditious manner in any jurisdiction in which the judgment debtor is found." *Matson v. Matson* (Minn. 1983), 333 N.W.2d 862, 867. The UEFJA is to be "interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." Section 25-9-508, MCA.

¶8 Additionally, the United States Supreme Court has held that the full faith and credit obligation owed to a final judgment is exacting; a final judgment rendered by a state court is entitled to full faith and credit in the courts of its sister states. *See Underwriters National Assur. Co. v. North Carolina Life and Acc. and Health Ins. Guaranty Ass'n* (1982), 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558. The United States Supreme Court has stated that the Full Faith and Credit Clause "generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke* (1963), 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186, 190. Moreover, "the judgment of a state court should have the same credit, validity, and effect,

4

in every other court of the United States, which it had in the state where it was pronounced."

*Underwriters National Assur. Co.*, 455 U.S. at 704, 102 S.Ct. at 1365, 71 L.Ed.2d at 570.

¶9　Frame claims that Montana's UEFJA allows Montana district courts to reopen, vacate, or set aside foreign judgments under Rule 60(b), M.R.Civ.P. Montana's version of the UEFJA, provides, in pertinent part:

> Filing and status of foreign judgments. A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of a district court of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.*

Section 25-9-503, MCA (emphasis added). The argument made by Frame is not new or novel. This Court recently considered the identical issue in *Carr v. Bett*, 1998 MT 266, 291 Mont. 326, 970 P.2d 1017. In *Carr*, the plaintiff-wife obtained a default decree of divorce and judgment from a Wyoming district court, which she then filed with the Gallatin County Clerk pursuant to the UEFJA. The defendant subsequently moved to set aside the Wyoming judgment. This motion, however, was not filed in the Wyoming case, but rather, in the Montana district court where he had previously filed a petition for dissolution. *See Carr*, ¶ 9.

¶10　The defendant in *Carr*, like Frame, argued that the UEFJA allows Montana district courts to reopen, vacate, or set aside foreign judgments under Rule 60(b), M.R.Civ.P. We disagreed and affirmed the district court's denial of the defendant's motion to set aside the Wyoming judgment, holding that the foreign judgment was entitled to full faith and credit.

5

The majority in *Carr* ultimately concluded that: "[u]nder § 25-9-503, MCA, [only] certain defenses such as lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement of the judgment, *lack of due process*, satisfaction, or other grounds that make the judgment invalid or unenforceable may be raised by a party seeking to reopen or vacate a foreign judgment filed in Montana." *Carr*, ¶ 42 (emphasis added).

¶11    In the present case, Frame alleges that the Texas judgment was procured in violation of his due process rights, specifically his right to counsel, because the Texas court did not grant Frame's request for a continuance after Frame fired his counsel four days before trial. In turn, Frame had to defend himself *pro se* at trial. Frame, however, is mistaken in concluding that this constitutes a violation of his due process rights; the right to counsel is a right of criminal defendants, not civil litigants. *See* U.S. Const., Amend. VI and XIV; Mont. Const., Art. II, § 24. Therefore, because Frame has not offered any evidence that he was denied due process, or established any grounds making the judgment invalid or unenforceable, we hold that the District Court had no basis for jurisdiction in this matter. All of Frame's arguments could have been properly raised in his appeal to the Fifth Circuit Court of Appeals. Accordingly, we affirm the District Court's denial of Frame's motion for a new trial on the merits of the Texas judgment.

_W. William Siegfried_
Justice

6

We concur:

_Patricia Cotter_

_[signature]_

_Jim Rice_
Justices